CURRIN & CURRIN CONSTRUCTION, INC., Plaintiff v. JAMES ERIC LINGERFELT AND JANA CAROLE LINGERFELT, Defendants

No. COA02-941

(Filed 1 July 2003)

**1. Appeal and Error— appealability—interlocutory order—certification**

Although plaintiff's appeal from the grant of summary judgment in favor of defendants is an appeal from an interlocutory order since it does not dispose of the entire case and leaves defendants' counterclaims intact, the order is immediately appealable because: (1) the order from which plaintiff appeals is final as to plaintiff's claims since the court entered summary judgment in favor of defendants and dismissed plaintiff's complaint with prejudice; and (2) the trial court certified that there was no reason to delay plaintiff's appeal.

**2. Construction Claims— invalid general contractor's license—estoppel**

The trial court did not err in an action to recover on a construction contract by entering summary judgment in favor of defendant homeowners, because: (1) plaintiff contractor is barred from recovering on the construction contract entered into by the parties based on the fact that plaintiff did not have a valid general contractor's license at the time the contract was formed; (2) an unlicensed contractor may not circumvent this rule by including a condition precedent that the contract will become effective after the contractor obtains a valid license; and (3) the doctrine of estoppel is unavailable to plaintiff when nothing in the licensing statute authorizes a person with whom an unlicensed contractor deals to waive the requirements of the statute or grants the unlicensed contractor immunity merely based on the fact that he advises one of his customers that he is acting in violation of the statute.

Appeal by plaintiff from judgment and order entered 4 June 2002 by Judge Stafford G. Bullock in Wake County Superior Court. Heard in the Court of Appeals 14 April 2003.

*Bain & McRae, by Edgar R. Bain and Alton D. Bain, for plaintiff-appellant.*

*Akins, Hunt & Fearon, P.C., by Donald G. Hunt, Jr. and Belinda Keller Sukeena, for defendant-appellees.*

HUNTER, Judge.

Currin & Currin Construction, Inc. ("plaintiff") appeals from summary judgment entered in favor of James Eric Lingerfelt ("defendant James") and Jana Carole Lingerfelt (collectively "defendants"). We affirm since plaintiff is barred from recovering on the construction contract entered into by the parties because plaintiff did not have a valid general contractor's license at the time the contract was formed.

In May of 1999, Durane Currin ("Currin"), President of plaintiff, orally agreed that plaintiff would construct a house for defendants on a "cost plus" basis. In a letter dated 5 May 1999, Currin wrote to BB&T Mortgage Loan Department and acknowledged plaintiff's agreement to build a house, estimated to cost approximately $380,000.00, for defendants. Subsequently, when defendant James went to the Wake County Planning Office to secure a building permit, defendant James discovered that plaintiff's general contractor's license had not been renewed. Defendant James immediately informed Currin that plaintiff's license had not been renewed. Currin advised defendant James that there was a mistake and that the license was in the process of being renewed. According to Currin, "[t]he Defendants agreed that the Plaintiff would perform the work on the contract as soon as [plaintiff's] license was renewed and the construction permit was issued." Plaintiff's license became invalid on 1 March 1999 but was renewed and reactivated on 30 June 1999.

Plaintiff began construction on defendants' house on 1 August 1999, after obtaining a valid license. Plaintiff continued construction on the house until 20 July 2000, at which time defendants had no funds with which to pay plaintiff for construction and the financial institution providing construction loans refused to advance further monies. At the time plaintiff ceased construction on the house, defendants owed plaintiff $42,057.81. Thereafter, on 19 September 2000, plaintiff filed a claim of lien against defendants' property in the amount of $42,057.81. Plaintiff then brought suit on 21 December 2001 against defendants to collect the amount of the lien. Defendants filed an answer and counterclaims. Included in defendants' affirma-

**CURRIN & CURRIN CONSTR., INC. v. LINGERFELT**

[158 N.C. App. 711 (2003)]

tive defenses was that plaintiff was not licensed pursuant to N.C. Gen. Stat. § 87-10 (2001) when the parties negotiated and formed their contract. Plaintiff replied to defendants' affirmative defenses and counterclaims on 12 March 2002. On 4 March 2002, defendants filed a motion for summary judgment which was granted by the trial court on 4 June 2002. Plaintiff appeals.

**[1]** As a threshold matter, we note that the order from which plaintiff appeals is interlocutory since it does not dispose of the entire case. *See Carriker v. Carriker*, 350 N.C. 71, 511 S.E.2d 2 (1999). The trial court granted defendants' motion for summary judgment but left defendants' counterclaims intact. Generally, there is no right of immediate appeal from an interlocutory order. *Myers v. Mutton*, 155 N.C. App. 213, 215, 574 S.E.2d 73, 75 (2002), *disc. review denied*, 357 N.C. 63, 579 S.E.2d 390 (2003). However, an interlocutory order

> is immediately appealable if (1) the order is final as to some claims or parties, and the trial court certifies pursuant to N.C.G.S. § 1A-1, Rule 54(b) that there is no just reason to delay the appeal, or (2) the order deprives the appellant of a substantial right that would be lost unless immediately reviewed.

*Id.* The interlocutory order at issue in the instant case is immediately appealable due to the following: (1) the order from which plaintiff appeals is final as to plaintiff's claims since the court entered summary judgment in favor of defendants and dismissed plaintiff's complaint with prejudice; and (2) the trial court certified that there is no reason to delay plaintiff's appeal. Accordingly, this case is properly before us to review.

**[2]** Plaintiff initially contends the trial court erred in granting defendants' motion for summary judgment because plaintiff asserts there were genuine issues of material fact as to when the parties entered into an effective contractual relationship and whether plaintiff was a licensed contractor at the time the contract was formed. We disagree.

Summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." N.C. Gen. Stat. § 1A-1, Rule 56(c) (2001). When ruling on a summary judgment motion, the trial court is required to view the evidence in a light most favorable to the nonmoving party. *Dalton v. Camp*, 353 N.C. 647, 651, 548 S.E.2d 704, 707 (2001). The moving party

bears the burden of demonstrating that there is no triable issue. *DeWitt v. Eveready Battery Co.*, 355 N.C. 672, 681, 565 S.E.2d 140, 146 (2002). This burden may be met "by proving an essential element of the opposing party's claim does not exist, cannot be proven at trial, or *would be barred by an affirmative defense . . . ." Dobson v. Harris*, 352 N.C. 77, 83, 530 S.E.2d 829, 835 (2000) (emphasis added). If the moving party satisfies this burden, then the burden shifts to the non-moving party "to produce a forecast of evidence demonstrating that the [nonmoving party] will be able to make out at least a prima facie case at trial." *Collingwood v. G.E. Real Estate Equities*, 324 N.C. 63, 66, 376 S.E.2d 425, 427 (1989).

Our General Assembly has enacted mandatory directives applicable to general contractors that are designed "to protect the public from incompetent builders." *Builders Supply v. Midyette*, 274 N.C. 264, 270, 162 S.E.2d 507, 511 (1968). A "general contractor" is statutorily defined, in pertinent part, as "any person or firm or corporation who for a fixed price, commission, fee, or wage, undertakes . . . to construct . . . any building . . . where the cost of the undertaking is thirty thousand dollars ($30,000) or more . . . ." N.C. Gen. Stat. § 87-1 (2001). A general contractor's certificate of license expires on the thirty-first day of December following its issuance or renewal and becomes invalid sixty days from that date unless renewed. N.C. Gen. Stat. § 87-10(e).

In the case *sub judice*, the evidence submitted to the trial court showed that plaintiff's general contractor's license became invalid on 1 March 1999 but was renewed and reactivated on 30 June 1999. Plaintiff entered into a contract in May of 1999, whereby plaintiff agreed to construct a house for defendants on a cost plus basis. Currin testified in an affidavit that after learning that plaintiff's general contractor's license had not been renewed, "[t]he Defendants agreed that the Plaintiff would perform the work on the contract as soon as [plaintiff's] license was renewed and the construction permit was issued."

*Brady v. Fulghum*, 309 N.C. 580, 308 S.E.2d 327 (1983) controls this case. In *Brady*, our Supreme Court expressly rejected the doctrine of "substantial compliance" with the general contractor's licensing statute and adopted the bright line "rule that a contract illegally entered into by an unlicensed general construction contractor is unenforceable by the contractor." *Id.* at 586, 308 S.E.2d at 331. The *Brady* Court further held that the contract "cannot be validated by the contractor's subsequent procurement of a license." *Id.*

**CURRIN & CURRIN CONSTR., INC. v. LINGERFELT**

[158 N.C. App. 711 (2003)]

In this case, the parties entered into a construction contract in May of 1999, at which time plaintiff's general contractor's license was invalid. Plaintiff argues, however, that the parties' later agreement that "the Plaintiff would perform the work on the contract as soon as [plaintiff's] license was renewed and the construction permit was issued[,]" was either a new contract or an oral modification of the original contract, which included a condition precedent that the contract was to become effective after plaintiff's license was renewed. Assuming *arguendo* that the later agreement was a new contract or modification of the original contract, containing such condition precedent, under *Brady*, the contract would still be unenforceable by plaintiff. The *Brady* Court "agree[d] that the existence of a license at the time the contract is signed is determinative and attach[ed] 'great weight to the significant moment of the entrance of the parties into the relationship.'" *Id.* (quoting *Latipac, Inc. v. The Superior Court of Marin County*, 411 P.2d 564, 568 (Cal. 1966)). Therefore, an unlicensed contractor may not circumvent *Brady* by including a condition precedent that the contract will become effective after the contractor obtains a valid license. Thus, we must, in following *Brady*, affirm the trial court's summary judgment entered in favor of defendants. Defendants met their burden of proving that plaintiff was barred from recovering on the construction contract because plaintiff did not have a valid general contractor's license at the time of the contract's inception. Accordingly, defendants were entitled to a judgment as a matter of law.

Plaintiff additionally argues that if this Court determines *Brady* controls and, therefore, upholds the trial court's entry of summary judgment in favor of defendants, the *Brady* rule should be reexamined due to the harsh and inequitable results arising from its application to the facts of this case. However, we are, of course, bound by *Brady* regardless of its harsh results unless either our Supreme Court or the General Assembly decides otherwise.

Plaintiff finally argues that defendants waived and are estopped from asserting the defense of lack of a contractor's license because defendants became aware that plaintiff was unlicensed but nevertheless chose to continue to have plaintiff perform construction on their home after plaintiff's license was renewed.

Plaintiff has not cited, nor have we found, any North Carolina cases in which our Courts have held that an owner may waive the statutory licensing requirements. In fact, this Court has previously stated: "'[N]othing in the licensing statute authorizes a person with

whom an unlicensed contractor deals to waive the requirements of the statute or grants the unlicensed contractor immunity merely because he advises one of his customers that he is acting in violation of the statute.' " *Allan S. Meade & Assoc. v. McGarry*, 68 N.C. App. 467, 471, 315 S.E.2d 69, 71-72 (1984) (quoting *Construction Co. v. Anderson*, 5 N.C. App. 12, 20, 168 S.E.2d 18, 23 (1969)). Therefore, the doctrine of estoppel is not available to plaintiff.

Affirmed.

Chief Judge EAGLES and Judge CALABRIA concur.