NOBLOT v. TIMMONS

[177 N.C. App. 258 (2006)]

―――――――――

THOMAS L. NOBLOT, AND WIFE DEBORAH J. NOBLOT, PLAINTIFFS v. RICKEY D. TIMMONS; TERESA LYNN TIMMONS, JULIE M. HANCE, ESQ., L. KEITH HANCE, AND HANCE & HANCE, P.A., DEFENDANTS

No. COA05-1165

(Filed 18 April 2006)

**Attorneys— lease payments held in trust account-disbursement—duty to client only**

Summary judgment was correctly granted for defendant-attorneys who had disbursed to their clients (the Timmonses) lease payments by plaintiffs where the lease included an option to purchase and the property was eventually lost in a foreclosure. Defendants' fiduciary duty was to their clients, the Timmonses, not to plaintiffs, and defendants were obligated to disburse the funds when requested. Moreover, defendants were also obligated not to disclose the Timmonses' confidential information to plaintiffs.

NOBLOT v. TIMMONS

[177 N.C. App. 258 (2006)]

Appeal by plaintiffs from order entered 26 August 2004 by Judge Timothy L. Patti in Lincoln County Superior Court. Heard in the Court of Appeals 29 March 2006.

*Young, Morphis, Bach & Taylor, L.L.P., by Thomas C. Morphis, Valeree R. Adams, and Jimmy R. Summerlin, Jr., for plaintiffs-appellants.*

*Poyner & Spruill LLP, by E. Fitzgerald Parnell, III, for defendant-appellees Julie M. Hance, Esq., L. Keith Hance, and Hance & Hance, P.A.*

*No brief filed for defendant-appellees Rickey D. Timmons and Teresa Lynn Timmons.*

TYSON, Judge.

Thomas L. and Deborah J. Noblot ("plaintiffs") appeal from order entered granting summary judgment to Julie M. Hance, Esq., L. Keith Hance, and Hance & Hance, P.A. ("defendants"). We affirm.

## I. Background

On 11 August 1998, Rickey D. and Teresa Lynn Timmons (collectively, the "Timmonses") leased a house located at 3161 Cansler Road in Vale, North Carolina to plaintiffs. Defendants did not draft the lease, which is the subject of this appeal. The lease provided:

> Rent. Lessee [Noblot] agrees to pay without demand to Lessor [Timmons] as rent for the Demised Premises the sum of $930.00 per month in advance of the 1st day of each calendar month beginning September 1, 1998, payable at 2246 Magnolia Grove Road, City of Iron Station, State of North Carolina, or at such other place as Lessor may designate.
>
> . . . .
>
> Purchase Option. It is agreed that Lessee shall have the option to purchase real estate known as: 3161 CANSLER ROAD[,] VALE, NC, 28168 for the purchase price of ONE HUNDRED THIRTY NINE THOUSAND Dollars with a down payment of TEN THOUSAND FIVE HUNDRED dollars payable upon exercise of said purchase option, and with a closing date no later than 30 days thereafter.

Defendants agreed to represent the Timmonses after disputes arose between plaintiffs and the Timmonses. Defendants agreed to

receive plaintiffs' monthly rental payments under the lease on behalf of their clients, the Timmonses. The funds accumulated in defendants' trust account.

After several months' rental payments had accumulated in defendants' trust account, the Timmonses requested defendants to disburse the funds to them. Defendants contacted the North Carolina State Bar to determine the ethical requirements regarding the disbursement of funds. After consulting the State Bar and reviewing the North Carolina State Bar Rules of Professional Conduct, defendants disbursed the funds to their clients. Defendants did not disclose this disbursement to plaintiffs.

During the time plaintiffs rented from the Timmonses, at least four foreclosure actions of the property were initiated. Defendants represented the Timmonses in some of the foreclosure actions. The fourth foreclosure action was filed 31 October 2002. The Timmonses separated prior to that filing. Defendants were not retained to defend that action.

On 21 February 2003, plaintiffs filed suit against Richard P. McNeely, substitute trustee of a deed executed by the Timmonses, for use and benefit of the Federal National Mortgage Association, Fannie Mae; the Timmonses; and Julie M. Hance as trustee. Plaintiffs alleged breach of contract and fraud against the Timmonses and demanded an accounting of money held in trust by defendants for the Timmonses.

On 14 May 2004, plaintiffs filed a motion to amend their complaint. Plaintiffs added causes of action "for [d]amages as to [defendants]" and for punitive damages against defendants.

Defendants filed a motion for summary judgment on 3 August 2004. On 26 August 2004, the trial court granted defendants' motion and dismissed all claims against defendants. On 9 September 2004, plaintiffs filed a notice of appeal.

This Court dismissed plaintiffs' interlocutory appeal in an unpublished opinion on 19 July 2005. On 25 July 2005, plaintiffs filed a voluntary dismissal without prejudice of their claims against the Timmonses. Plaintiffs filed a second notice of appeal on 3 August 2005.

## II. Issue

Plaintiffs argue the trial court's grant of summary judgment in favor of defendants was error.

NOBLOT v. TIMMONS

[177 N.C. App. 258 (2006)]

### III. Standard of Review

In a motion for summary judgment, the movant has the burden of establishing that there are no genuine issues of material fact. The movant can meet the burden by either: 1) Proving that an essential element of the opposing party's claim is nonexistent; or 2) Showing through discovery that the opposing party cannot produce evidence sufficient to support an essential element of his claim nor [evidence] sufficient to surmount an affirmative defense to his claim.

When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him.

*Hines v. Yates*, 171 N.C. 150, 157, 614 S.E.2d 385, 389 (2005) (internal quotations and citations omitted). "On appeal, an order allowing summary judgment is reviewed *de novo.*" *Howerton v. Arai Helmet, Ltd.*, 358 N.C. 440, 470, 597 S.E.2d 674, 693 (2004).

### IV. Summary Judgment

Plaintiffs argue the trial court erred when it granted summary judgment in favor of defendants and assert, "the [p]laintiffs have pleaded facts and provided supporting affidavits for the facts so pleaded to support the claims alleged in the [c]omplaint, as amended and to create genuine issues of material fact as to the Hance [d]efendants' liability for the acts and omissions alleged." We disagree.

Plaintiffs' original complaint alleged:

28. That Plaintiffs are entitled to an accounting of those monies placed in trust with Defendant Julie Hance and as to any sums not distributed for the purposes intended are entitled to the return of those funds.

29. That in addition thereto, in the event the subject property is foreclosed upon and lost to the Plaintiffs on account of said Defendant's failure to fulfill her fiduciary duties to the Plaintiffs, then and in that event, Plaintiffs are entitled to contract damages against said Defendant.

In the amended complaint, plaintiffs alleged:

Damages as to Defendants Julie Hance, Keith Hance and Hance & Hance, PA

. . . .

40. That at no time did Keith Hance or Julie Hance reveal to the Plaintiffs that the subject property was being foreclosed upon or that the payments that the Plaintiffs were making were going anywhere other than to the mortgage lender.

41. That both Keith Hance and Julie Hance had an obligation of fair dealings and truthfulness to the Plaintiffs and had an obligation to disclose the foregoing facts to the Plaintiffs and not to disburse any sums without having made said disclosures to the Plaintiffs.

. . . .

44. That without the knowledge or consent of Plaintiffs beginning with a check written from Julie Hance's trust account dated 10/26/01, the Defendant Julie Hance ultimately distributed all funds paid by the Plaintiffs into her trust account to Rickey or Teresa Timmons or others at their discretion.

. . . .

Punitive Damages as to Defendants Keith Hance, Julie Hance and Hance & Hance, PA

. . . .

48. That the action and conduct of Defendants Keith Hance and Julie Hance was done in wanton, willful, reckless and arrogant disregard of the rights and sensibilities of the Plaintiffs and are so aggravating as to justify an award of punitive damages.

On appeal, plaintiffs contend defendants should: (1) not have disbursed the rental proceeds to the Timmonses; (2) have disclosed the fact that they disbursed the funds to the Timmonses; and (3) have informed plaintiffs' attorney of the status of the pending foreclosure actions. Plaintiffs also argue defendants owed them a fiduciary duty. Plaintiffs contend a fiduciary obligation arose when plaintiffs, "in reliance upon Hance's status as a member of the legal profession, reposed confidence in her to receive and distribute their monies in

accordance with the Trust Agreement reached between the Plaintiffs, the Timmonses, and the Hance Defendants."

In their brief to this Court, plaintiffs also assert a right to damages as third-party beneficiaries of defendants' attorney/client relationship. Plaintiffs failed to allege a cause of action in their complaints for this claim. We decline to address it.

## A. Disbursement and Disclosure

The North Carolina State Bar Rules of Professional Conduct, Rule 1.15-2(m) (2006) states, "[a] lawyer shall promptly pay or deliver to the client, or to third persons as directed by the client, any entrusted property belonging to the client and to which the client is currently entitled."

The North Carolina State Bar Rules of Professional Conduct, Rule 1.6(a) (2006) states, "[a] lawyer shall not reveal information acquired during the professional relationship with a client unless the client gives informed consent, the disclosure is impliedly authorized in order to carry out the representation or the disclosure is permitted by paragraph (b)."

## B. Client Represented

The Timmonses retained defendants to represent them after a dispute evolved out of a lease, previously entered into between the Timmonses and plaintiffs. At no time did defendants represent plaintiffs. Defendants assert, "Mr. and Mrs. Hance have never met, nor talked to, nor entered into any agreement whether written or oral with [plaintiffs]." Defendants owed a fiduciary duty to the Timmonses, not to plaintiffs.

Defendants accepted plaintiffs' rental payments on behalf of the Timmonses. Defendants held the funds for the benefit of the Timmonses, not for the benefit of plaintiffs.

Pursuant to the lease, plaintiffs had a duty to make rental payments to the Timmonses. Failure to do so could have resulted in default of the lease and their eviction from the property. *See* N.C. Gen. Stat. § 42-44(c) (2005) ("The tenant may not unilaterally withhold rent prior to a judicial determination of a right to do so."). In accordance with Rule 1.15-2(m), defendants were obligated to disburse the Timmonses' funds to them upon request. The money belonged to the Timmonses. Because defendants' clients were the

Timmonses, defendants were also obligated to comply with Rule 1.6 to not disclose the Timmonses' confidential information to plaintiffs.

## V. Conclusion

Defendants owed a fiduciary duty to their clients, the Timmonses. Defendants did not owe a fiduciary duty to plaintiffs. Defendants were obligated to: (1) disburse plaintiffs' rental payments to the Timmonses upon request, in accordance with Rule 1.15-2(m); and (2) not reveal the Timmonses' confidential information to plaintiffs in accordance with Rule 1.15-2(m) and Rule 1.6(a). The trial court's order granting summary judgment for defendants is affirmed.

Affirmed.

Judges GEER and JACKSON concur.