TIMOTHY R. WADDELL, INDIVIDUALLY AND AS ADMINISTRATOR OF THE ESTATE OF JILL J. WADDELL, DECEASED, AND WILLIAM WAYNE JAMESON, AS GUARDIAN AD LITEM OF EMILY WADDELL, A MINOR CHILD, AND REID WADDELL, A MINOR CHILD, PLAINTIFFS V. METROPOLITAN SEWERAGE DISTRICT OF BUNCOMBE COUNTY, TYCOLE ENTERPRISES, LLC, CIVIL DESIGN CONCEPTS, P.A., JUDITH W. DAWKINS, REALTY EXECUTIVES WNC, INC., KEITH VINSON, AND WAIGHTSTILL MOUNTAIN PROPERTY OWNERS ASSOCIATION, LLC, DEFENDANTS

No. COA09-620

(Filed 22 December 2009)

**Appeal and Error— interlocutory order—failure to argue substantial right**

Plaintiffs' appeal from two interlocutory orders in a negligence and gross negligence case was dismissed because plaintiffs failed to advance any argument that the orders deprived them of a substantial right.

*Appeal by plaintiffs from orders entered 7 and 8 October 2008 by Judge J. Marlene Hyatt in Buncombe County Superior Court. Heard in the Court of Appeals 4 November 2009.*

*Motley Rice LLC, by John D. Hurst; and Wallace and Graham, P.A., by Michael B. Pross, for plaintiff-appellants.*

*Little & Little, PLLC, by Cathryn M. Little, for defendant-appellee Metropolitan Sewerage District of Buncombe County.*

*Van Winkle, Buck, Wall, Starnes and Davis, P.A., by W. James Johnson and Matthew W. Kitchens for defendant-appellee Civil Design Concepts, P.A.*

STEELMAN, Judge.

Where plaintiffs appeal two interlocutory orders and fail to advance any argument that the orders deprive them of a substantial right that would be lost without immediate appellate review, the appeal is dismissed.

## I. Factual and Procedural Background

On 30 November 2004, Timothy and Jill Waddell purchased a home in Arden, Buncombe County, North Carolina. Following a snowfall of approximately 3 inches on 29 January 2005, Jill Waddell went outside with her children to play in the snow, using an inner tube to slide down a 100 to 150 foot hill. The inner tube used by Jill

Waddell rotated, resulting in her going down the hill backwards. She collided with a sewer manhole that was elevated approximately two and one half feet above ground level, and suffered injuries resulting in her death.

On 30 December 2005, Timothy Waddell, individually and as Administrator of the Estate of Jill Waddell, and William Jameson as Guardian *ad litem* of Emily and Reid Waddell (collectively, plaintiffs) filed this action seeking monetary damages as a result of the death of Jill Waddell. A second amended complaint was filed on 23 January 2007. The complaint alleged negligence and gross negligence against numerous defendants[1] based upon a variety of legal theories as follows: (1) Metropolitan Sewerage District of Buncombe County (MSD) for the design and approval of the sewer, failing to maintain its sewer easement in a safe condition, and concealing the manhole that protruded two and a half feet above the ground; (2) TyCole Enterprises, LLC, for negligence in the design and implementation of the grading of the area; (3) Waightstill Mountain, LLC and Keith Vinson for negligence in the development of the subdivision, and in the hiring and supervising of the design and installation of the manhole; (4) Civil Design Concepts, P.A. (CDC) for negligence in the design and engineering resulting in a manhole that protruded two and a half feet above the ground; (5) Judith Dawkins for negligence as a realtor for failure to warn as to the dangers of the manhole that protruded two and a half feet above the ground; and (6) Realty Executives WNC, Inc. for negligence based upon the conduct of Judith Dawkins.

On 3 September 2008, MSD moved for summary judgment. On 10 September 2008, CDC moved for summary judgment. On 8 October 2008, the trial court granted summary judgment in favor of MSD. On 7 October 2008, the trial court granted summary judgment in favor of CDC. The record is devoid of any information concerning any disposition of plaintiffs' claims against the remaining defendants. Plaintiffs appeal.

## II. Interlocutory Appeal

Since the orders granting summary judgment in favor of MSD and CDC did not dispose of all the claims and defendants, leaving further

---

1. The record contains an oblique reference to the voluntary dismissal of McGill Associates, P.A., Hutchinson-Biggs & Associates, Inc., T & K Utilities, Inc., Design Associates, and Waightstill Mountain Property Owners Association, Inc. as named defendants. However, there are no orders or dismissals in the record, which establish that these defendants have been dismissed from the case.

matters for resolution by the trial court, they are interlocutory orders. *Veazey v. Durham*, 231 N.C. 357, 362, 57 S.E.2d 377, 381, *reh'g denied*, 232 N.C. 744, 59 S.E.2d 429 (1950). There is no automatic right to appeal an interlocutory order. *Currin & Currin Constr., Inc. v. Lingerfelt*, 158 N.C. App. 711, 713, 582 S.E.2d 321, 323 (2003). In order to appeal an interlocutory order, an appellant must demonstrate that either the trial court certified its order for immediate appeal pursuant to Rule 54(b) of the North Carolina Rules of Civil Procedure, or that the order deprives the appellant of a substantial right. *Id.* There was not a Rule 54(b) certification in this case. Therefore, plaintiffs must show a substantial right.

Rule 28(b)(4) of the North Carolina Rules of Appellate Procedure states:

> (b) *Content of appellant's brief.* An appellant's brief in any appeal shall contain, under appropriate headings, and in the form prescribed by Rule 26(g) and the Appendixes to these rules, in the following order:
>
> . . . .
>
> (4) *A statement of the grounds for appellate review.* Such statement shall include citation of the statute or statutes permitting appellate review. . . . When an appeal is interlocutory, that statement must contain sufficient facts and argument to support appellate review on the ground that the challenged order affects a substantial right.

N.C.R. App. P. 28(b)(4) (2009).

The entire statement of the grounds for appellate review contained in plaintiffs' brief reads: "Judge Hyatt's summary judgment orders, dismissing all the Plaintiffs' claims against Defendants MSD and CDC, are a final judgments [sic] and appeals therefore lie to the Court of Appeals pursuant to N.C. Gen. Stat. § 7A-27(b)." Nowhere in their brief do plaintiffs recognize that the orders appealed from are interlocutory. Nowhere in their brief do plaintiffs assert that the orders deprive them of a substantial right that would be lost without immediate appellate review.

"It is not the duty of this Court to construct arguments for or find support for appellant's right to appeal from an interlocutory order[.]" *Jeffreys v. Raleigh Oaks Joint Venture*, 115 N.C. App. 377, 380, 444 S.E.2d 252, 254 (1994). The appellate courts can only hear matters

**WADDELL v. METRO. SEWERAGE DIST. OF BUNCOMBE CNTY.**

[201 N.C. App. 586 (2009)]

that are properly brought before them by the litigants. We cannot maintain our role as impartial arbiters if we comb through the record to find legal issues unaddressed by the parties, or raise and address legal theories not argued by the parties. The appeal in this case must be dismissed.

DISMISSED.

Judges ELMORE and HUNTER, JR., Robert N. concur.