HUNTER, JR., Robert N., Judge.
 

 *742
 
 Gwendolyn Parmley, individually and as Administratrix of the Estate of John Parmley, Jr., ("Plaintiff") appeals from the trial court's 30 June 2016 order granting partial summary judgment in favor of Defendants Johnathan Brent Fulcher, B&J Contracting, LLC, B&J Seafood, LLC, B&J Contracting and B&J Contracting, Inc. Subsequently Plaintiff voluntarily dismissed without prejudice her claims against remaining Defendants Everett Barrow and B&J Seafood, Inc., creating a final judgment and jurisdiction for her appeal. However, Plaintiff then filed a second lawsuit against the Defendants whom she dismissed voluntarily. In doing so, Plaintiff's appeal of the original lawsuit became interlocutory. We dismiss Plaintiff's appeal without prejudice, so should she decide to do so, Plaintiff may refile her appeal at the conclusion of her second lawsuit.
 

 I. Factual and Procedural Background
 

 The Plaintiff's forecast of evidence tends to show on 29 August 2014, John Parmley, Jr. ("Parmley") drove a "roll-back" commercial truck from Craven County, North Carolina, to Newport News, Virginia. Defendant B&J Contracting, Inc. owned the commercial truck. Parmley delivered a propeller to Wildcat Propellers in Chesapeake, Virginia, on his way to Newport News. On the same day, Defendant Everett Barrow ("Defendant Barrow"), an employee of Defendant B&J Seafood Co., Inc., drove a pickup truck for Defendant B&J Seafood Co., Inc., from New Bern, North Carolina to Newport News. Defendant Barrow met Parmley in Newport News where their job was to take possession of a scallop dredge,
 
 [1]
 
 and have a crane load it onto the commercial truck. Neither Defendant Barrow nor Parmley operated the crane.
 
 [2]
 
 After the crane lifted the dredge and placed it on the commercial truck, Parmley and Defendant Barrow strapped down the dredge. Parmley and Defendant Barrow decided Parmley would drive the pickup truck back to New Bern, and Defendant Barrow
 
 *388
 
 would drive the commercial truck with the dredge.
 

 Approximately five minutes after securing the dredge, Defendant Barrow began backing the commercial truck out of a gate. Defendant Barrow then "felt the [dredge] shift" and pulled over. Defendant Barrow
 
 *743
 
 waved for Parmley to also pull over. Parmley then exited the pickup truck and walked over to Defendant Barrow's truck. Defendant Barrow and Parmley walked around the truck to make sure all the straps were intact. Just as Defendant Barrow came around the truck and got beside Parmley, the dredge fell off the truck and pinned Parmley to the ground. The dredge crushed Parmley, and he died.
 

 On 30 April 2015, Parmley's wife, Gwendolyn Parmley, individually and as Administratix of Parmley's Estate, filed a wrongful death action and a survival claim against Defendants Barrow, Johnathan Brent Fulcher ("Defendant Fulcher"),
 
 [3]
 
 B&J Seafood Co., Inc., B&J Contracting, LLC, and B&J Seafood, LLC in Durham County Superior Court. On 28 September 2015, the parties, through a consent order, changed the venue to Pamlico County. On 18 November 2015, Plaintiff filed an amended complaint naming two additional Defendants, B&J Contracting and B&J Contracting, Inc. On 17 May 2016, Defendants Fulcher, B&J Contracting, LLC, B&J Seafood, LLC, B&J Contracting, and B&J Contracting, Inc. moved for partial summary judgment on the grounds they are not necessary and proper parties to this litigation and there is no genuine issue of material fact or law as to liability.
 

 On 27 June 2016, the trial court heard arguments for partial summary judgment. Defendants' counsel contended B&J Contracting and B&J Contracting, LLC are non-existing entities. Specifically, Defendants' counsel presented affidavits alleging B&J Contracting is not "an unincorporated association or partnership to the knowledge of the parties," and B&J Contracting, Inc. is not an existing corporation. Defendants' counsel also presented evidence showing Defendant Fulcher dissolved B&J Seafood, LLC on 2 September 2010. Defendants' counsel asserted B&J Seafood Co., Inc., employed Barrow. Finally, Defendants' counsel argued Defendant Fulcher was in New Bern, North Carolina, at the time of the accident and corporate officers and owners are not necessary or proper parties to a suit against a corporation.
 

 Plaintiff responded there was a genuine issue of material fact as to whether any of the Defendant corporations employed Parmley on the day of the accident. Plaintiff also made various arguments stating there was conflicting evidence as to the involvement of Defendants B&J Contracting, B&J Contracting, Inc. and B&J Seafood, LLC.
 
 [4]
 
 The Court
 
 *744
 
 asked if Plaintiff inquired with the Secretary of State's office as to the existence of Defendant corporate entities, and Plaintiff responded, "Yes, sir. We checked to find out whether or not there was really an Inc., and there was not an Inc."
 

 On 30 June 2016, the trial court entered an order granting partial summary judgment in favor of Defendants Fulcher, B&J Contracting, LLC, B&J Seafood, LLC, B&J Contracting and B&J Contracting, Inc. The trial court found there was no genuine issue of material fact and those Defendants were not necessary and proper parties to the action. Plaintiff appealed the trial court's order on 19 July 2016. On 25 July 2016, Plaintiff voluntarily dismissed without prejudice the actions against Defendants Barrow and B&J Seafood Co., Inc.
 

 On 1 March 2017, Defendants collectively filed a Rule 9(b)(5) supplement to the record on appeal. This supplement contains a copy of a complaint filed by Parmley's estate in Durham County and names Defendants Barrow and B&J Seafood Co., Inc. as Defendants.
 
 [5]
 

 *389
 
 This new complaint, filed one month after Plaintiff's voluntary dismissal, contains allegations which are substantially similar to the allegations contained in this action's original complaint.
 
 [6]
 
 In a motion filed on 16 March 2017, Plaintiff requested this Court to strike Defendants' Rule 9(b)(5) supplement to the record which references Plaintiff's new cause of action. We deny Plaintiff's motion to strike.
 
 [7]
 

 *745
 

 II. Jurisdiction
 

 An order is interlocutory if it does not fully dispose of a case and "leaves it for further action by the trial court in order to settle and determine the entire controversy."
 
 Veazey v. City of Durham
 
 ,
 
 231 N.C. 357
 
 , 362,
 
 57 S.E.2d 377
 
 , 381 (1950). "A grant of partial summary judgment, because it does not completely dispose of the case, is an interlocutory order from which there is ordinarily no right of appeal."
 
 Curl v. American Multimedia, Inc.,
 

 187 N.C. App. 649
 
 , 652,
 
 654 S.E.2d 76
 
 , 78-79 (2007) (quoting
 
 Liggett Group v. Sunas
 
 ,
 
 113 N.C. App. 19
 
 , 23,
 
 437 S.E.2d 674
 
 , 677 (1993) ).
 

 When a trial court grants partial summary judgment in favor of a defendant, and the plaintiff thereafter voluntarily dismisses its remaining claims, the trial court's order serves as a final judgment.
 
 Combs & Assocs. v. Kennedy,
 

 147 N.C. App. 362
 
 , 367,
 
 555 S.E.2d 634
 
 , 638 (2001). This Court held:
 

 Ordinarily, an appeal from an order granting summary judgment to fewer than all of a plaintiff's claim[s] is premature and subject to dismissal. However, since the plaintiff here voluntarily dismissed the claim which survived summary judgment, any rationale for dismissing the appeal fails. Plaintiff's voluntary dismissal of this remaining claim does not make the appeal premature but rather has the effect of making the trial court's grant of partial summary judgment a final order.
 

 Curl
 
 at 652-53,
 
 654 S.E.2d at 79
 
 (quoting
 
 Combs
 
 at 367,
 
 555 S.E.2d at
 
 638 ). In such an instance, there is nothing left for the trial court to determine or resolve until Plaintiff commences a new action against Defendants.
 
 [8]
 

 Here Parmley's estate has commenced a new action by re-filing its claims against the remaining Defendants in a new action in Durham County. The rights of Parmley's Estate, Defendant Barrow and Defendant B&J Seafood Co., Inc., are still pending in the trial division. In these circumstances the trial court's order granting partial summary judgment in favor of Defendants is no longer a final judgment.
 

 *746
 
 Because the appeal is interlocutory we must dismiss the appeal unless it falls within one of the two exceptions allowing a party to appeal from interlocutory order.
 
 Jeffreys v. Raleigh Oaks Joint Venture
 
 ,
 
 115 N.C. App. 377
 
 , 379,
 
 444 S.E.2d 252
 
 , 253 (1994). First, a party may appeal from an interlocutory order when the order is final as to some claims or parties and the trial court has certified pursuant to Rule 54(b) of the Rules of Civil Procedure there is no just reason to delay the appeal.
 
 Currin & Currin Constr., Inc. v. Lingerfelt,
 

 158 N.C. App. 711
 
 , 713,
 
 582 S.E.2d 321
 
 , 323 (2003). Second, a party may appeal from an interlocutory order when "the order deprives the appellant of a substantial right that would be lost" in
 
 *390
 
 the absence of an immediate appeal.
 
 Id.
 
 at 713,
 
 582 S.E.2d at 323
 
 .
 

 Here, the trial court did not include a Rule 54(b) certification in the summary judgment order. Plaintiff is therefore only entitled to pursue this appeal if the trial court's order deprives her of a substantial right that would be lost if this Court dismissed her interlocutory appeal. The appellant bears the burden to establish the existence of a substantial right.
 
 Embler v. Embler
 
 ,
 
 143 N.C. App. 162
 
 , 166,
 
 545 S.E.2d 259
 
 , 262 (2001). Plaintiff presents no argument the dismissal of this appeal would deprive her of a substantial right. Plaintiff fails to meet her burden.
 

 Since this interlocutory appeal does not qualify for an exception to our rules prohibiting interlocutory appeals, we must dismiss it.
 

 DISMISSED.
 

 Chief Judge McGEE and Judge ZACHARY concur.
 

 [1]
 

 In his deposition, Defendant Barrow states "B&J" owned the scallop dredge. Plaintiff's complaint alleges the "remaining Defendants" (Defendants other than Barrow) owned the scallop dredge.
 

 [2]
 

 The record does not indicate who owned or operated the crane.
 

 [3]
 

 Fulcher is the president of B&J Seafood Co., Inc., and the "managing member" of B&J Contracting, LLC.
 

 [4]
 

 Plaintiff contended Defendant B&J Contracting, Inc. was the only registered owner of the commercial truck and Defendant B&J Contracting and Defendant Fulcher owned the pickup truck. Plaintiff also contended Defendant Fulcher's answer to an interrogatory indicated Defendant B&J Contracting was the insurer of the commercial truck. Plaintiff asserted Defendant Fulcher told Plaintiff that Defendant B&J Seafood, LLC drove the pickup truck, even though a LLC cannot actually drive a vehicle.
 

 [5]
 

 Case No. 16 CVS 004159
 

 [6]
 

 Both complaints allege wrongful death under N.C. Gen. Stat. § 28A-18-2 (2016) and a survival claim under N.C. Gen. Stat. § 28A-18-1 (2016) as well as negligence, imputed negligence, and willful and wanton negligence. Both complaints allege the same facts in support of their claims.
 

 [7]
 

 Plaintiff argues Defendants' 9(b)(5) supplement violates our Rules of Appellate Procedure since it contains evidence not originally before the trial court. However, because Plaintiff's estate filed a new law suit after the trial court entered its order granting summary judgment, and because the existence of this new action is a determinative fact in our analysis as to whether this Court has jurisdiction over Plaintiff's appeal, we take judicial notice of Plaintiff's current suit in Durham County pursuant to N.C. Gen. Stat. § 8C-1, Rule 201 (2016).
 

 [8]
 

 See
 

 Noblot v. Timmons
 
 ,
 
 177 N.C. App. 258
 
 ,
 
 628 S.E.2d 413
 
 (2006), where this Court decided the merits of an appeal from an order granting summary judgment dismissing claims against some, but not all, defendants to an action after the plaintiff voluntarily dismissed claims against remaining defendants without prejudice.