DIAN B. DIGSBY AND JAMES W. DIGSBY v. JOHN WAYNE GREGORY

No. 7626DC955

(Filed 17 January 1978)

1. **Automobiles § 89.1— automobile parked on road—last clear chance—sufficiency of evidence**

    In an action to recover for personal injuries and property damage sustained by plaintiffs when defendant collided with the rear of their automobile, the trial court did not err in submitting an issue of last clear chance, since the evidence that defendant was traveling 30 to 35 mph when plaintiffs' parked car first came into view about a block away was sufficient to permit the jury to find that defendant should have discovered plaintiffs' perilous position in time to avoid the accident.

2. **Trial § 52— damages—setting aside verdict—discretionary matter**

    The trial court's decision to set aside the jury's verdict as to the damage issues was a discretionary matter, and in the absence of evidence of abuse of that discretion, the decision is not subject to appellate review.

3. **Appeal and Error § 62.2— damage issues—partial new trial improper**

    In an action to recover for personal injuries and property damage sustained in an automobile accident, the trial judge should have granted defendant's motion to set aside the entire verdict rather than just that portion related to damages and to order a new trial on all issues, since the issues of negligence, contributory negligence, last clear chance, and damages were so inextricably interwoven that a new trial on all issues was necessary.

APPEAL by defendant from *Stukes, Judge.* Order entered 1 July 1976 in District Court, MECKLENBURG County. Heard in the Court of Appeals 26 September 1977.

This is an action to recover for personal injuries and property damage sustained in an automobile collision which occurred 9 August 1973 on Meisenheimer Road in Mecklenburg County. At the point of the accident Meisenheimer Road is a narrow rural road paved with asphalt, the pavement being so narrow that two cars cannot pass each other unless one of them moves partly onto the shoulder. The pleadings raised issues of negligence, contributory negligence, and last clear chance.

Plaintiff's evidence in substance showed the following: Shortly prior to the accident the plaintiff, Dian B. Digsby, drove a car owned by her husband, the plaintiff James W. Digsby, to the location where the collision occurred. Mr. Digsby had preceded her there in another car, which he had parked partially on and partially off the road at a point "about a block" beyond the crest of a hill. Mrs. Digsby pulled up directly behind him and stopped "pretty close up to the back" of his car, with the right wheels of her car on the shoulder and the left wheels on the pavement. She kept the motor running but put the transmission in park. Mr. Digsby walked to the driver's side of the car and stood on the pavement talking to Mrs. Digsby, who remained seated in the car. After they had thus talked for about five minutes, a car driven by defendant approached from the rear, traveling about 30 to 35 miles an hour. When Mr. Digsby saw defendant's car approaching, he got out of the road by walking around the front of the car in which his wife was seated and going to the passenger's side near the ditch. He saw defendant's car "for about a block" before the accident occurred, and it appeared the defendant "was letting off on the speed a little bit before the accident." The car driven by defendant struck the rear of the car in which Mrs. Digsby was seated, damaging the rear of that car and injuring Mrs. Digsby. Mr. Digsby testified that in his opinion the fair market value of his car immediately before the collision was $2000.00 and immediately after was $1200.00. Mrs. Digsby and a chiropractor who first treated her in July 1975 testified concerning her injuries.

Defendant testified:

> I saw Mrs. Digsby go over the hill and pulled out behind her and started down the hill. She had already gotten to the

bottom of the hill before I got down there; and at the bottom of the hill, there was some sand. It had rained maybe two days or the day before, and the sand was right there in the flat. The car was sitting at that time. I started slowing up; and as I got a little closer to the car, I started slowing up more because I saw them just sitting there. When I realized that they were not moving, I hit my brakes; but at that time I was over the sand, and I slid into her car. I would estimate ten to twelve car lengths from the point of impact to the top of the hill.

\*     \*     \*

. . . I did not see Mr. Digsby prior to the accident.

The jury answered issues of negligence, contributory negligence, and last clear chance in the affirmative and awarded plaintiff Dian B. Digsby $66.50 for her personal injuries and plaintiff James W. Digsby $350.00 for damage to his automobile. The plaintiff moved to set aside the verdict as to the damage issues on the grounds that the jury's verdict on those issues was contrary to the weight of the evidence. The defendant moved for judgment in accord with the verdict or, in the alternative, to set aside the entire verdict as to all issues. The court granted plaintiffs' motion and denied defendant's.

From order setting aside the jury's verdict on the issues as to damages and granting a partial new trial confined to those issues, defendant appealed.

*Rodney Dean and C. Byron Holden for defendant appellant.*

*No counsel contra.*

PARKER, Judge.

Although not a final judgment, the court's order is appealable because it grants a new trial as to damages. G.S. 1-277(a); G.S. 7A-27(d).

Defendant appellant first contends that the court erred in failing to instruct the jury that the plaintiffs were guilty of contributory negligence as a matter of law in that their own evidence establishes that they violated the provisions of G.S. 20-161(a) and (b). The error, if any, was harmless, since the jury answered the issue of contributory negligence in defendant's favor. "Appellant may not complain of alleged error in respect to an issue answered

in his favor." 1 Strong, N.C. Index 3d, Appeal and Error, § 53, p. 329.

[1]   Defendant next contends that the court erred in submitting an issue of last clear chance. "The doctrine [of last clear chance] applies if and when it is made to appear that the defendant discovered, or by the exercise of reasonable care should have discovered, the perilous position of the party injured or killed and could have avoided the injury, but failed to do so." *Earle v. Wyrick*, 286 N.C. 175, 178, 209 S.E. 2d 469, 470 (1974). While the evidence in the present case is susceptible to varying interpretations, we find it sufficient, when viewed in the light most favorable to the plaintiffs, to permit the jury to find that defendant should have discovered plaintiffs' perilous position in time to avoid the accident. *See* Annot., 34 A.L.R. 3d 570 (1970). Traveling at a speed of 30 to 35 miles per hour, a driver exercising due care should be able to avoid striking a parked car which comes into view a block away. It is not true, as defendant contends, that the evidence shows that the plaintiff, Mrs. Digsby, could have escaped at any time, almost up to the moment of impact, from the perilous position in which her own negligence had placed her. Her car was parked "pretty close up to the back" of her husband's, and although her motor was running, her transmission was in park, and the jury could reasonably find that it would have required more time than was available to her after defendant's car came into view in which to move her vehicle to a place of safety. We find no error in the submission of the issue of last clear chance.

[2]   Defendant next contends that the court erred in refusing to accept the verdict and in failing to sign the judgment in accord with the verdict which was tendered by the defendant. Plaintiffs' motion to set aside the verdict on the damage issues on the grounds that the jury's verdict on those issues was contrary to the weight of the evidence was addressed to the sound discretion of the trial court, 7 Strong, N.C. Index 2d, Trial, § 52, and it is well settled in this jurisdiction "that the action of the trial judge in setting aside a verdict in his discretion is not subject to review on appeal in the absence of an abuse of discretion." *Goldston v. Chambers*, 272 N.C. 53, 59, 157 S.E. 2d 676, 680 (1967). The record discloses no abuse of discretion, and therefore the portion of the

trial court's order setting aside the jury's verdict as to the damage issues is not subject to appellate review.

[3]   When the trial judge set the verdict aside he limited the new trial to the issues of damages, and we agree with defendant's contention that the new trial should also include the issues relating to liability. Although the trial judge has the discretionary authority to order a partial new trial, he should do so only if the issue to be tried is distinct and separable from the other issues. The possibility of an error on one issue affecting the entire verdict is particularly acute " 'where the error in the verdict relates to the amount of damages assessed and it appears that this error was not the result of any ruling by or charge from the trial judge, but was committed solely by the jury itself after retiring to consider its verdict.' " *Robertson v. Stanley*, 285 N.C. 561, 569, 206 S.E. 2d 190, 195 (1974), *quoting* 58 Am. Jur. 2d, New Trial, § 25 (1971).

In the present case, the trial judge apparently concluded that the jury had improperly determined the amount of damages. The evidence, however, presented extremely close questions for the jury to determine, not only on the issues as to the amount of damages, but also on the issues as to liability. Under all of the evidence in this case, we conclude that the issues of negligence, contributory negligence, last clear chance, and damages "are so inextricably interwoven that a new trial on all issues is necessary." *Robertson v. Stanley, supra,* 285 N.C. at 569, 206 S.E. 2d at 196. We hold that the trial judge should have granted defendant's motion to set aside the entire verdict and to order a new trial on all issues. The order appealed from is modified accordingly, and a new trial is ordered on all issues.

New trial.

Chief Judge BROCK and Judge ARNOLD concur.