UNIGARD CAROLINA INSURANCE COMPANY v. F. MARION DICKENS, INDIVIDUALLY AND AS PRESIDENT OF DICKENS & HUX AWNINGS, INC., AND DICKENS & HUX AWNINGS, INC.

No. 786DC644

(Filed 1 May 1979)

Appeal and Error § 6.2— partial new trial on damages issue—no immediate appeal
    There is no immediate right of appeal from an order granting a partial new trial on the issue of damages. The contrary decision in *Digsby v. Gregory*, 35 N.C. App. 59, 240 S.E. 2d 491 is overruled.

APPEAL by defendants from *Williford, Judge.* Judgment entered 8 February 1978 in District Court, HALIFAX County. Heard in the Court of Appeals 3 April 1979.

Plaintiff insurance company brought this subrogation action to recover $940.52 for fire damage to their insureds' home allegedly caused by defendants' negligence. Plaintiff issued a homeowners insurance policy providing coverage for loss by fire on the residence of Julian G. Hofmann and wife. While this policy was in effect, the Hofmanns contracted with defendants to replace three storm doors at the Hofmann residence. In replacing one of the doors on 17 April 1974, defendant Dickens used an acetylene blow torch to cut out old hinges on the metal door frame. Plaintiff alleged and defendants denied that in using the torch defendant Dickens negligently set fire to the Hofmanns' house, damaging it in the amount of $940.52, which loss plaintiff paid in accordance with the terms of its policy, thereby becoming subrogated to any right of action which the Hofmanns had against the defendants by reason of the fire.

The case was tried before a jury which answered issues as follows:

1. Is the Plaintiff subrogated to the rights of Julian G. Hofmann and his wife, Margaret M. Hofmann, which arose out of the incident which occurred on or about April 17, 1974, as alleged in the Complaint?

Answer: Yes.

2. If so, were the Hofmanns damaged by the negligence of the Defendants?

Answer: Yes.

3. If so, in what amount were the Hofmanns damaged?

Answer: $200.00

The court accepted the verdict on the first two issues but set aside the verdict on the third issue and granted plaintiff's motion for a new trial limited to the issue of damages. From this order, defendants appeal.

*Allsbrook, Benton, Knott, Cranford & Whitaker by Thomas I. Benton for plaintiff appellee.*

*Clark & Godwin by Charlie D. Clark, Jr. for defendants appellants.*

PARKER, Judge.

By this appeal the defendants attempt to obtain immediate appellate review of an interlocutory order of the trial court which accepted the jury's verdict fixing liability and directed there be a new trial solely on the issue of damages. We find the appeal premature and order it dismissed.

In *Industries, Inc. v. Insurance Co.*, 296 N.C. 486, 251 S.E. 2d 443 (1979), the opinion in which was filed on 5 February 1979, our Supreme Court held that an order of the trial court granting plaintiff's motion for partial summary judgment on the issue of liability, reserving for trial the issue of damages, and denying defendant's motion for summary judgment, was an interlocutory order not subject to immediate appeal. The defendants in the present case, after entry of the order from which they now attempt to appeal, were in precisely the same position as the defendant in *Industries, Inc. v. Insurance Co., supra* after entry of the order from which appeal was attempted in that case, albeit they had followed a different route to get there. In each case defendants were confronted with an order which fixed liability and retained the cause for determination solely on the issue of damages. In holding the order in *Industries, Inc.* not immediately appealable inasmuch as it was an interlocutory order which did not deprive defendant of any substantial right, our Supreme Court observed that "[e]ven if defendant is correct on its legal position, the most it will suffer from being denied an immediate appeal is a trial on the issue of damages." 296 N.C. at 491, 251 S.E. 2d at 447. The same can be said of the defendants in the present case. The defendants here, as the defendant in *Industries, Inc.*, can preserve the right to have appellate review of all trial court proceedings by duly entered exceptions on appeal from the final judgment. All reasons advanced by our Supreme Court in *Industries, Inc.* against permitting fragmentary, premature, and unnecessary appeals, apply with equal force in the present case.

The decision of this court in *Digsby v. Gregory*, 35 N.C. App. 59, 240 S.E. 2d 491 (1978), insofar as it recognized the right of immediate appeal from an order granting a partial new trial on the issue of damages only, is overruled. The decision in that case was rendered prior to the decision of our Supreme Court in *Industries, Inc. v. Insurance Co., supra*, which we find controlling.

We now hold that the language in G.S. 1-277(a) which provides that "[a]n appeal may be taken from every judicial order or determination, of a judge of a superior or district court . . . which . . . grants or refuses a new trial," does not apply to an order which grants only a partial new trial.

For the reasons stated, this appeal is

Dismissed.

Judges HEDRICK and CARLTON concur.