BARBARA WALL BARHAM SCHUCH v. WILLIAM R. HOKE, ADMINISTRATOR OF THE ESTATE OF KELLIE CAMELLE LLOYD, DECEASED

No. 8610SC53

(Filed 5 August 1986)

Appeal and Error § 6.2— partial summary judgment—not immediately appealable

In an action arising from an automobile accident, a partial summary judgment in plaintiff's favor on the issues of negligence, contributory negligence, and assumption of risk was not immediately appealable despite the trial court's recital that the order was a final judgment and there was no just reason for delay.

APPEAL by defendant from *Bailey, Judge*. Order entered 20 August 1985 in Superior Court, WAKE County. Heard in the Court of Appeals 3 June 1986.

Plaintiff, a guest passenger in an automobile operated by defendant-administrator's decedent, sustained injuries when the

automobile crossed the center line of a highway and collided with another vehicle. She seeks damages for those injuries.

The trial court granted plaintiff's motion for partial summary judgment in her favor on the issue of negligence. Defendant does not appeal from that order. The court also granted plaintiff's motion for partial summary judgment in her favor on the issues of her contributory negligence and assumption of risk. The order granting this motion states that "this is a final judgment as to one, but not all, of the claims, and . . . there is no just reason for delay in the appeal of this partial summary judgment on the issues of contributory negligence and assumption of risk . . . ."

From this order, defendant appeals.

*Patterson, Dilthey, Clay, Cranfill, Sumner & Hartzog, by Sanford W. Thompson, IV, for plaintiff appellee.*

*Walter L. Horton, Jr., for defendant appellant.*

WHICHARD, Judge.

Neither party has argued the threshold question of whether an appeal lies from the order. However, "[i]t is well established in this jurisdiction that if an appealing party has no right of appeal, an appellate court on its own motion should dismiss the appeal even though the question of appealability has not been raised by the parties themselves." *Bailey v. Gooding*, 301 N.C. 205, 208, 270 S.E. 2d 431, 433 (1980). On the authority of *Industries, Inc. v. Insurance Co.*, 296 N.C. 486, 251 S.E. 2d 443 (1979), we dismiss this appeal as premature.

In *Industries, Inc.* our Supreme Court held that an order granting plaintiff's motion for partial summary judgment on the issue of liability, reserving for trial the issue of damages, was an interlocutory order not subject to immediate appeal. The Court stated:

> [D]efendant has referred us to no case nor has our research revealed one holding that a partial summary judgment entered for plaintiff on the issue of liability only leaving for further determination at trial the issue of damages is immediately appealable by defendant. The cases uniformly hold to the contrary.

*Id.* at 492, 251 S.E. 2d at 448.

The defendant here is in precisely the same position as the defendant in *Industries, Inc.* The effect of the partial summary judgment orders, which established the negligence of defendant-administrator's decedent and the absence of contributory negligence or assumption of risk on the part of plaintiff, was to fix liability and retain the cause for determination solely on the issue of damages. *See Insurance Co. v. Dickens*, 41 N.C. App. 184, 186, 254 S.E. 2d 197, 198 (1979). Thus, as in *Industries, Inc.*, "[e]ven if defendant is correct on its legal position, the most it will suffer from being denied an immediate appeal is a trial on the issue of damages." *Industries, Inc.*, 296 N.C. at 491, 251 S.E. 2d at 447.

> The [defendant] here, as the defendant in *Industries, Inc.*, can preserve the right to have appellate review of all trial court proceedings by duly entered exceptions on appeal from the final judgment. All reasons advanced by our Supreme Court in *Industries, Inc.* against permitting fragmentary, premature, and unnecessary appeals, apply with equal force in the present case.

*Insurance Co.*, 41 N.C. App. at 186, 254 S.E. 2d at 198.

In *Industries, Inc.*, as here, the order contained a recital that "this is a final judgment and there is no just reason for delay." *Industries, Inc.*, 296 N.C. at 488, 251 S.E. 2d at 445. As the Supreme Court stated there, however, "[t]hat the trial court declared it to be a final . . . judgment does not make it so." *Id.* at 491, 251 S.E. 2d at 447. "[A] trial judge [cannot] by denominating his decree a 'final judgment' make it immediately appealable under Rule 54(b) if it is not such a judgment." *Id. See also Cook v. Tobacco Co.*, 47 N.C. App. 187, 266 S.E. 2d 754 (1980).

The order appealed from here, like that in *Industries, Inc.*, is not a final judgment as to any claim or any party. The Rule 54(b) role of the trial court as "the 'dispatcher' of cases to the appellate court," *Leasing Corp. v. Myers*, 46 N.C. App. 162, 165, 265 S.E. 2d 240, 243, *appeal dismissed*, 301 N.C. 92 (1980), thus is not implicated. *Industries, Inc.*, 296 N.C. at 491, 251 S.E. 2d at 447.

Appeal dismissed.

Judges WEBB and JOHNSON concur.