SUE WOMBLE LOY, Plaintiff v. JOSHUA BRANDON MARTIN and KENNETH MARTIN, Defendant

No. COA00-255

(Filed 19 June 2001)

**1. Appeal and Error— appealability—interlocutory order— partial new trial on issue of damages**

Defendants' appeal from an order granting plaintiff a partial new trial on the issue of damages arising out of an automobile accident is dismissed because: (1) it is an interlocutory order not subject to immediate appellate review; and (2) defendants failed to argue how the order affects a substantial right.

**2. Appeal and Error— appealability—interlocutory order— underlying judgment fixing liability—order reserving issue of damages**

Defendants' appeal from an underlying judgment in an automobile accident case that fixes liability, when there was a second order in the case granting a new trial solely on the issue of dam-

ages, is dismissed because: (1) it is an interlocutory order not subject to immediate appellate review; and (2) defendants failed to argue how the underlying judgment affects a substantial right.

Appeal by defendants from order entered 9 November 1999 and judgment entered 20 October 1999 by Judge J. B. Allen, Jr. in Superior Court, Chatham County. Heard in the Court of Appeals 22 February 2001.

*Benjamin Spence Albright for plaintiff-appellee.*

*Haywood, Denny & Miller, L.L.P., by Robert E. Levin, for defendants-appellants.*

TIMMONS-GOODSON, Judge.

This appeal arises out of a personal injury action filed by Sue Womble Loy ("plaintiff") against Joshua Brandon Martin, a minor, and his father, Kenneth Martin (collectively "defendants"). In her complaint, Loy alleged that Joshua Martin ran a stop sign and collided with her vehicle, causing her severe property damage and personal injury.

Following a trial, the jury returned its verdict finding that Joshua Martin was negligent, that plaintiff was not contributorily negligent, and that plaintiff was entitled to damages in the amount of one dollar. Judgment based upon the jury's verdict was entered on 20 October 1999.

On 8 October 1999, plaintiff moved for a partial new trial on the issue of damages. In response, defendants requested that plaintiff's motion be denied, but argued, in the alternative, that the court grant a new trial on all issues. On 9 November 1999, the trial court set aside the jury's verdict on the issue of damages and granted plaintiff's motion for a partial new trial based solely upon that issue. Pertinently, the court also found the following regarding the issue of the parties' liability: "The issues submitted to the jury are not so intertwined that the entire verdict is tainted and there was sufficient evidence for the jury to properly find as they found on the [issue of plaintiff's and Joshua Martin's liability]."

On 18 November 1999, defendants filed a notice of appeal from the 20 October 1999 judgment as well as from the court's 9 November 1999 order granting plaintiff's motion for a partial new trial.

**[1]** The threshold issue on appeal is whether the 9 November order and the 20 October judgment are properly before this Court. Concerning the order granting a new trial, section 1-277(a) of our General Statutes provides: "An appeal may be taken from every judicial order or determination of a judge of a superior or district court . . . which . . . grants or refuses a new trial." N.C. Gen. Stat. § 1-277(a) (1999). However, this Court has previously held that the aforementioned portion of section 1-277(a) is inapplicable to orders granting partial new trials on the issue of damages. *Insurance Co. v. Dickens*, 41 N.C. App. 184, 187, 254 S.E.2d 197, 198 (1979). Therefore, the trial court's "order granting a new trial solely as to the issue of damages . . . is interlocutory and . . . not subject to immediate appellate review." *Johnson v. Garwood*, 49 N.C. App. 462, 463, 271 S.E.2d 544, 544-45 (1980) (citations omitted).

**[2]** We now examine whether the underlying judgment fixing the issue of liability is proper for immediate review, given the trial court's order granting plaintiff's partial new trial motion. We first note that there are no North Carolina appellate cases addressing the specific situation presented by the present appeal. However, in *Insurance Co.*, this Court found that an appeal from a trial court's order "accept[ing] the jury's verdict fixing liability" but ordering a new trial solely on the issue of damages was interlocutory and not immediately appealable. *Insurance Co.*, 41 N.C. App. at 186, 254 S.E.2d at 198. We find *Insurance Co.* dispositive of the issue presented *sub judice*.

In *Insurance Co.*, the plaintiff brought a subrogation action seeking recovery of damages to its insureds' home. Following trial, the *Insurance Co.* jury returned a verdict finding that the plaintiff was entitled to subrogation, that the negligence of the defendants caused damage to insureds' home, and that the insureds' damages totaled $200. In one order, the trial court accepted the verdict on the issues of subrogation and defendants' liability, but set aside the verdict on the issue of damages and granted plaintiff's motion for a new trial limited to the issue of damages. The defendants appealed the trial court's order.

This Court found that the order was interlocutory and unappealable, as review of the order in that case would promote "fragmentary, premature, and unnecessary appeals[.]" *Id. see also Schuch v. Hoke*, 82 N.C. App. 445, 447, 346 S.E.2d 313, 315 (1986) (holding that partial summary judgment order fixing liability but reserving issue of damages for trial was interlocutory and not immediately appealable).

Given the trial court's "accept[ance]" of the underlying jury verdict in the order from which the defendants appealed, the *Insurance Co.* Court recognized that the appellants could possibly challenge not only the grant of a partial new trial but also issues concerning the underlying trial proceedings in the premature appeal. However, the Court found that the appellants' right to review of all trial court proceedings was preserved for final review by "duly entered exceptions on appeal from the final judgment." *Insurance Co.*, 41 N.C. App. at 186, 254 S.E.2d at 198.

In accordance with our holding in *Insurance Co.*, we find that, in light of the trial court's order granting a new trial on the issue of damages, the underlying judgment fixing the issue of liability is likewise interlocutory. We note that *Insurance Co.* is slightly distinguishable from the case *sub judice* in that the *Insurance Co.* litigants appealed an order both "accept[ing]" the jury's verdict and granting a partial new trial and not, as in the present case, a separate judgment and order granting a partial new trial. However, given that both the partial new trial order in the case *sub judice* and the order appealed in *Insurance Co.* "accept[ed]" the jury's verdict fixing the issue of liability, we find the cases indistinguishable in substance. *Cf. Bowden v. Latta*, 337 N.C. 794, 797, 448 S.E.2d 503, 505 (1994) (per curiam) (holding that appeal of order granting partial new trial on issue of damages and appeal of underlying judgment based upon issue of contributory negligence was proper where trial court did not accept jury's verdict on issue of liability but granted JNOV on issue of contributory negligence); *Desmond v. City of Charlotte*, 142 N.C. App. 590, 592, 544 S.E.2d 269, 271 (2001) (following *Bowden* given similar facts).

Furthermore, similar to the appeal in *Insurance Co.*, reviewing issues concerning the underlying judgment while the issue of damages remains pending below would contravene the well-established principle that appellate procedure "is designed to eliminate the unnecessary delay and expense of repeated fragmentary appeals, and to present the whole case for determination in a single appeal from the final judgment." *Raleigh v. Edwards*, 234 N.C. 528, 529, 67 S.E.2d 669, 671 (1951). Defendants *sub judice* challenge issues concerning the underlying jury verdict, but, like the appellants in *Insurance Co.*, have preserved those issues for final review by properly excepting to alleged errors in the record. For the aforementioned reasons, we conclude that the underlying judgment fixing the issue of liability is likewise interlocutory.

**LOY v. MARTIN**

[144 N.C. App. 414 (2001)]

Although the 9 November order granting a partial new trial and the 20 October judgment fixing the issue of liability are interlocutory, they may nonetheless be appealable if so allowed by the exceptions contained in North Carolina Rule of Civil Procedure 54(b) or North Carolina General Statutes sections 1-277 and 7A-27(d). *See* N.C. Gen. Stat. §§ 1A-1, Rule 54(b); 1-277; and 7A-27(d) (1999). Because the trial court did not certify either the order granting a partial new trial or the underlying judgment for immediate review under Rule 54(b), defendants' right to an immediate appeal, if one exists, depends on whether the order and judgment affect a substantial right. *Hudson-Cole Dev. Corp. v. Beemer*, 132 N.C. App. 341, 344, 511 S.E.2d 309, 312 (1999).

Whether an order or judgment affects a substantial right is to be determined on a case-by-case basis. *Embler v. Embler*, 143 N.C. App. 162, 166, 545 S.E.2d 259, 262 (2001). A "substantial right" is a right that "itself must be 'substantial' " and that "must be lost, prejudiced or be less than adequately protected by exception to entry of the interlocutory order." *J & B Slurry Seal Co v. Mid-South Aviation, Inc.*, 88 N.C. App. 1, 5-6, 362 S.E.2d 812, 815 (1987) (citations omitted); *see also Waters v. Personnel, Inc.*, 294 N.C. 200, 208, 240 S.E.2d 338, 344 (1978). " '[I]t is the appellant's burden to present argument in his brief to this Court to support acceptance of the appeal.' " *Lee v. Mut. Community Sav. Bank*, 136 N.C. App. 808, 810, 525 S.E.2d 854, 856 (2000) (quoting *Abe v. Westview Capital*, 130 N.C. App. 332, 334, 502 S.E.2d 879, 881 (1998)).

In the present case, defendants do not address the appealability of either the 9 November order or 20 October judgment in their brief or otherwise on appeal.

> It is not the duty of this Court to construct arguments for or find support for appellant[s'] right to appeal from an interlocutory order; instead, the appellant[s have] the burden of showing this Court that the order deprives the appellant[s] of a substantial right which would be jeopardized absent a review prior to a final determination on the merits.

*Jeffreys v. Raleigh Oaks Joint Venture*, 115 N.C. App. 377, 380, 444 S.E.2d 252, 254 (1994). As defendant fails to argue why the order and judgment appealed affect a substantial right, we dismiss these orders as interlocutory and not immediately appealable.

Appeal dismissed.

Judges MARTIN and TYSON concur.