GARY F. YORDY AND KIMBERLY YORDY, PLAINTIFFS v. NORTH CAROLINA FARM
BUREAU MUTUAL INSURANCE COMPANY, DEFENDANT

No. COA01-138

(Filed 5 March 2002)

**Appeal and Error— appealability—interlocutory order**

> Defendant insurance company's appeal in a declaratory judgment action from an order granting partial summary judgment in favor of plaintiffs and denying defendant's motion for summary judgment is dismissed as an appeal from an interlocutory order, because: (1) the trial court's order merely disposes of one of the various defenses raised by defendant in its answer to the complaint, and a defense raised by a defendant in answer to a plaintiff's complaint is not a claim for purposes of N.C.G.S. § 1A-1, Rule 54(b); and (2) although the trial court purported to certify the case for immediate appeal, this act alone is insufficient where the other requirements of Rule 54(b) are not satisfied.

Appeal by defendant from judgment entered 7 November 2000 by Judge Richard D. Boner in Mecklenburg County Superior Court. Heard in the Court of Appeals 29 January 2002.

*Thomas E. Dudley, III for plaintiff-appellees.*

*Harold C. Spears and C. Grainger Pierce, Jr., for defendant-appellant.*

HUNTER, Judge.

North Carolina Farm Bureau Mutual Insurance Company ("defendant") purports to appeal an order (1) granting partial summary judgment in favor of Gary F. Yordy and Kimberly Yordy ("plaintiffs") on a defense raised by defendant in its response to the complaint, and (2) denying defendant's motion for summary judgment. Neither party has argued the threshold question of whether this appeal is interlocutory. However, "[i]t is well established in this juris-

diction that if an appealing party has no right of appeal, an appellate court on its own motion should dismiss the appeal even though the question of appealability has not been raised by the parties themselves." *Bailey v. Gooding*, 301 N.C. 205, 208, 270 S.E.2d 431, 433 (1980). For the reasons set forth below, we dismiss this appeal as interlocutory.

"A grant of partial summary judgment, because it does not completely dispose of the case, is an interlocutory order from which there is ordinarily no right of appeal." *Liggett Group v. Sunas*, 113 N.C. App. 19, 23, 437 S.E.2d 674, 677 (1993). However, an interlocutory order may nonetheless be appealed pursuant to Rule 54(b) of the North Carolina Rules of Civil Procedure if: (1) the action involves multiple claims or multiple parties, (2) the order is "a final judgment as to one or more but fewer than all of the claims or parties," and (3) the trial court certifies that "there is no just reason for delay." N.C. Gen. Stat. § 1A-1, Rule 54(b) (1999).

In the present action, plaintiffs seek a declaratory judgment as to whether they are entitled to recover from defendant for plaintiff Gary Yordy's injuries resulting from a car accident. The trial court's order merely disposes of one of the various defenses raised by defendant in its answer to the complaint (namely, that plaintiffs are barred from recovering against defendant by a covenant not to execute). A defense raised by a defendant in answer to a plaintiff's complaint is not a "claim" for purposes of Rule 54(b). *See Schuch v. Hoke*, 82 N.C. App. 445, 346 S.E.2d 313 (1986) (holding that trial court's order, granting plaintiff's motion for partial summary judgment on defenses of contributory negligence and assumption of risk, not final judgment as to any claim or party under Rule 54(b)). Thus, the trial court's order, disposing of this defense as a matter of law, is not "a final judgment as to one or more but fewer than all of the claims or parties." N.C. Gen. Stat. § 1A-1, Rule 54(b). We note that, although the trial court purported to certify the case for immediate appeal under Rule 54(b), this act alone is insufficient where the other requirements of Rule 54(b) are not satisfied. *See, e.g., CBP Resources, Inc. v. Mountaire Farms of N.C., Inc.*, 134 N.C. App. 169, 171, 517 S.E.2d 151, 153-54 (1999). For the reasons stated herein, we dismiss this appeal as interlocutory.

Dismissed.

Judges GREENE and TYSON concur.