ROBIN Y. JONES, Administrator of the Estate of CALVERINE OBIE, Plaintiff v.
DURHAM ANESTHESIA ASSOCIATES, P.A., Defendant

No. COA06-1510

(Filed 21 August 2007)

**1. Appeal and Error— appealability—judgment notwithstanding verdict—substantial right**

Defendant's appeal from an interlocutory order entered 21 July 2006 granting judgment notwithstanding the verdict and ordering a new trial on the remaining issues of causation and damages is immediately appealable because it affects a substantial right when: (1) defendant has already gone through one trial on the issue of liability and damages and is now being forced to undertake a second trial on the same issues; and (2) the possibility of being forced to undergo two full trials on the merits and to incur the expense of litigating twice works an injury to defendant if not corrected before appeal from a final judgment.

**2. Evidence— standard of care—testimony not judicial admission—judgment notwithstanding verdict improper**

Testimony by an anesthesiologist, an employee of the defendant in a wrongful death case, indicating that she did not comply with the applicable standard of care when she was not present at the beginning of decedent's surgery, was not a judicial admission but was an evidential admission that did not support the trial court's allowance of plaintiff's motion for judgment notwithstanding the verdict for defendant and a new trial because the admission did not conclusively establish that the applicable standard of care had been breached where the testimony of the anesthesiologist, when viewed as a whole, did not unequivocally show that she breached the standard of care when she stated that she had not breached the standard, then admitted that she breached the standard., and later again denied she had breached the standard; her testimony was by its very nature a matter of opinion and did not concern concrete facts; and there was sufficient evidence in the record to support a finding that the anesthesiologist did not breach the applicable standard of care.

Appeal by defendant from an order entered 21 July 2006 by Judge Abraham Penn Jones in Durham County Superior Court. Heard in the Court of Appeals 24 May 2007.

**JONES v. DURHAM ANESTHESIA ASSOCS., P.A.**

[185 N.C. App. 504 (2007)]

*Law Offices of Grover C. McCain, Jr., by Grover C. McCain, Jr., for plaintiff-appellee.*

*Young Moore and Henderson P.A., by William P. Daniell and Elizabeth P. McCullough, for defendant-appellant.*

BRYANT, Judge.

Durham Anesthesia Associates, P.A. (defendant) appeals from an order entered 21 July 2006 granting judgment notwithstanding the verdict and ordering a new trial. For the reasons stated herein we reverse the order of the trial court.

*Facts and Procedural History*

On 16 January 2003, Calverine Obie underwent surgery on her right eye at North Carolina Specialty Hospital in Durham, North Carolina. The surgery was conducted by her ophthalmic surgeon, Dr. J. Richard Marlon. Anesthesia services for the surgery were provided by defendant, through Dr. Cathy W. Thomas, an anesthesiologist, and Beverly Teal, a certified registered nurse anesthetist, both of whom were employees of defendant. At the outset of the surgery, Ms. Teal was present in the operating room with Ms. Obie, and Dr. Thomas was tending to another patient in a nearby room. Shortly after the surgery began, Ms. Obie began to suffer complications ultimately resulting in permanent brain damage leaving Ms. Obie in a comatose state. Ms. Obie's family decided to withdraw life support on 23 January 2003, and she died the same day.

On 20 January 2005, Robin Y. Jones, acting as the administrator of Ms. Obie's estate, (plaintiff) filed a wrongful death action against defendant, Dr. Thomas, and the North Carolina Specialty Hospital, LLC. Plaintiff alleged Ms. Obie died as the result of medical negligence in connection with the providing of anesthesia services during the 16 January 2003 surgery to eviscerate her right eye. Plaintiff voluntarily dismissed her claims against North Carolina Specialty Hospital and Dr. Thomas on 27 March 2006 and 7 April 2006.

This case was tried before a jury at the 24 April 2006 session of Civil Superior Court in Durham County, the Honorable Abraham Penn Jones, Judge presiding. On 4 May 2006, the jury returned a verdict in favor of defendant, finding the death of Ms. Obie was not proximately caused by the negligence of any employee of defendant. On 15 May 2006, plaintiff filed a motion for judgment notwithstanding the verdict and for a new trial.

The trial court entered its judgment, consistent with the jury verdict, in favor of defendant on 23 May 2006. On 21 July 2006, the trial court entered its order granting plaintiff's motion for judgment notwithstanding the verdict and granting a new trial. Defendant appeals from the entry of this order.

### Interlocutory Appeal

[1] We first address plaintiff's motion before this Court to dismiss this appeal because it is from an interlocutory order. Interlocutory orders and judgments are those "made during the pendency of an action which do not dispose of the case, but instead leave it for further action by the trial court in order to settle and determine the entire controversy." *Carriker v. Carriker*, 350 N.C. 71, 73, 511 S.E.2d 2, 4 (1999) (citation omitted). "Generally, there is no right to immediate appeal from an interlocutory order." *Milton v. Thompson*, 170 N.C. App. 176, 178, 611 S.E.2d 474, 476 (2005) (citing N.C. Gen. Stat. § 1A-1, Rule 54(b) (2005); *Veazey v. City of Durham*, 231 N.C. 357, 362, 57 S.E.2d 377, 381 (1950)). This Court has held that an interlocutory order is immediately appealable if:

> (1) the order is final as to some claims or parties, and the trial court certifies pursuant to N.C.G.S. § 1A-1, Rule 54(b) that there is no just reason to delay the appeal, or (2) the order deprives the appellant of a substantial right that would be lost unless immediately reviewed.

*Currin & Currin Constr., Inc. v. Lingerfelt*, 158 N.C. App. 711, 713, 582 S.E.2d 321, 323 (2003) (citations and quotations omitted). As there is no Rule 54(b) certification in the record before this Court, defendants are entitled to pursue this appeal only if the trial court's order deprived them of a substantial right that would be lost if we dismissed their appeal.

Our Courts have recognized that "the 'substantial right' test for appealability of interlocutory orders is more easily stated than applied. It is usually necessary to resolve the question in each case by considering the particular facts of that case and the procedural context . . . ." *Davis v. Davis*, 360 N.C. 518, 525, 631 S.E.2d 114, 119 (2006) (citation and quotations omitted). Further, "[t]he reason for these rules is to prevent fragmentary, premature and unnecessary appeals by permitting the trial divisions to have done with a case fully and finally before it is presented to the appellate division." *Id.*

## JONES v. DURHAM ANESTHESIA ASSOCS., P.A.

[185 N.C. App. 504 (2007)]

We find the instant appeal to raise issues similar to those addressed by our Supreme Court in *Bowden v. Latta,* 337 N.C. 794, 448 S.E.2d 503 (1994). In *Bowden,* "the trial court (1) set aside the jury verdict and judgment entered thereon as to the decedent's contributory negligence, (2) entered judgment for the plaintiff upon the issue of contributory negligence, and (3) ordered a new trial on the issue of damages." *Id.* at 795, 448 S.E.2d at 504. This Court, relying on *Unigard Carolina Ins. Co. v. Dickens,* 41 N.C. App. 184, 254 S.E.2d 197 (1979), had held that the order appealed from in *Bowden* was interlocutory and no substantial right was affected thereby. *Bowden,* 337 N.C. at 795, 448 S.E.2d at 405. However, our Supreme Court reversed, holding:

> the only way judicial economy can be served is by a determination of the underlying substantive appeal at this time. Such a determination will not fragment the case. To the contrary, it will significantly shorten the process and clear the path toward finality for all concerned. . . . Regardless of whether an appellate court undertakes a substantive appeal now or after the parties have gone through a trial on damages, the issue of whether the trial judge was correct in overturning the jury verdict on contributory negligence remains central and will, in any event, need to be addressed. Deciding the matter now would streamline the process by delineating, as well as limiting, the remaining issues that could be litigated and appealed.

*Id.* at 797, 448 S.E.2d at 505.

While "an appeal from a trial court's order accepting the jury's verdict fixing liability but ordering a new trial solely on the issue of damages [is] interlocutory and not immediately appealable[,]" *Loy v. Martin,* 144 N.C. App. 414, 416, 547 S.E.2d 843, 845 (2001) (citation and quotations omitted), here the trial court did not accept the jury's verdict fixing liability. Instead, the trial court granted plaintiff's motion for judgment notwithstanding the verdict and granted plaintiff a new trial on the remaining issues of causation and damages. Here, defendant has already gone through one trial on the issue of liability and damages and is now being forced to undertake a second trial on the same issues. We hold that a substantial right of defendant's is affected by the trial court's order and the order is thus immediately appealable. *See also Roberts v. Heffner,* 51 N.C. App. 646, 650, 277 S.E.2d 446, 449 (1981) (holding "the possibility of being forced to undergo two full trials on the merits and to incur the expense of litigating twice makes it clear that the judgment in question works

an injury to defendants if not corrected before an appeal from a final judgment"). Accordingly we deny plaintiff's motion to dismiss this appeal.

## Standard of Review

"[T]he questions concerning the sufficiency of the evidence to withstand a Rule 50 motion for directed verdict or judgment notwithstanding the verdict present an issue of law, while a motion for a new trial for insufficiency of the evidence pursuant to Rule 59(a)(7) is addressed to the discretion of the trial court." *In re Will of Buck*, 350 N.C. 621, 624, 516 S.E.2d 858, 860 (1999). On appeal, this Court thus reviews an order granting a motion for judgment notwithstanding the verdict *de novo. See Denson v. Richmond County*, 159 N.C. App. 408, 411, 583 S.E.2d 318, 320 (2003).

> The standard of review of a ruling entered upon a motion for judgment notwithstanding the verdict is "whether upon examination of all the evidence in the light most favorable to the non-moving party, and that party being given the benefit of every reasonable inference drawn therefrom, the evidence is sufficient to be submitted to the jury."

*Branch v. High Rock Realty, Inc.*, 151 N.C. App. 244, 249-50, 565 S.E.2d 248, 252 (2002) (quoting *Fulk v. Piedmont Music Ctr.*, 138 N.C. App. 425, 429, 531 S.E.2d 476, 479 (2000)), *disc. review denied*, 356 N.C. 667, 576 S.E.2d 330 (2003). "A motion for . . . judgment notwithstanding the verdict 'should be denied if there is more than a scintilla of evidence supporting each element of the non-movant's claim.' " *Denson*, 159 N.C. App. at 412, 583 S.E.2d at 320 (quoting *High Rock Realty*, 151 N.C. App. at 250, 565 S.E.2d at 252).

## Judicial Admissions

[2] Defendant argues the trial court erred in granting plaintiff's motion for a judgment notwithstanding the verdict and a new trial on the grounds that an employee of defendant made a judicial admission concerning the applicable standards of care. We agree.

In its order granting plaintiff's motion for judgment notwithstanding the verdict and a new trial, the trial court held:

> [Dr.] Thomas made a binding judicial admission pursuant to *Body v. Varner*, 107 N.C. App. 219 (1992), based on the following testimony given by her at the trial and that Plaintiff's motions should be granted[:]

**JONES v. DURHAM ANESTHESIA ASSOCS., P.A.**

[185 N.C. App. 504 (2007)]

Q. So then do I hear you agreeing that you did not comply with the standard of care for anesthesiologists in 2003 by not being present at the beginning of the case? . . .

A. In that regard, sir, I was not compliant to what you just said.

Based on this finding, the trial court granted plaintiff's motion for judgment notwithstanding the verdict pursuant to Rule 50 and granted a new trial on the issues of:

1. "Was the death of Catherine Obie caused, in whole or in part, by the negligence of Dr. Thomas in not being present at the beginning of the case of Calverine Obie?"

2. "What amount of damages, if any, should the Estate of Calverine Obie recover for the wrongful death of Calverine Obie?"

It is well established that a judicial admission is

a formal concession made by a party (usually through counsel) in the course of litigation for the purpose of withdrawing a particular fact from the realm of dispute . . . . Such an admission is not evidence, but rather removes the admitted fact from the field of evidence by formally conceding its existence. It is binding in every sense.

*Woods v. Smith*, 297 N.C. 363, 374, 255 S.E.2d 174, 181 (1979) (citations and quotations omitted). In contrast, an evidential or extrajudicial admission "consists of words or other conduct of a party, or of someone for whose conduct the party is in some manner deemed responsible, which is admissible in evidence against such party, but which may be rebutted, denied, or explained away and is in no sense conclusive." *Id.* at 374, 255 S.E.2d at 181 (citations and quotations omitted). Generally, "a party's statements, given in a deposition or at trial of the case, are to be treated as evidential admissions rather than as judicial admissions." *Id.* at 373-74, 255 S.E.2d at 181. However, there are two exceptions wherein a party's statements made at trial or in a deposition are treated as judicial admissions:

First, when a party gives unequivocal, adverse testimony under factual circumstances such as were present in *Cogdill*,[1] his state-

---

1. In *Cogdill v. Scates*, 290 N.C. 31, 224 S.E.2d 604 (1976), the plaintiff

testified to concrete facts, not matters of opinion, estimate, appearance, inference, or uncertain memory; her testimony was deliberate, unequivocal and repeated; her statements were diametrically opposed to the essential allegations

ments should be treated as binding judicial admissions rather than as evidential admissions. Second, when a party gives adverse testimony, and there is insufficient evidence to the contrary presented to support the allegations of his complaint, summary judgment or a directed verdict would in most instances be properly granted against him.

*Id.* at 374, 255 S.E.2d at 181. Further, when reviewing whether or not a statement made by a party at trial or in a deposition is a judicial admission, we must look to their testimony as a whole. *Id.* at 372, 255 S.E.2d at 180.

Here, a review of the record before this Court shows that neither of the two exceptions apply and Dr. Thomas' statement must be treated as an evidential admission. The testimony of Dr. Thomas, when viewed as a whole does not show that she gave unequivocal, adverse testimony under factual circumstances as to whether or not she had breached the applicable standard of care. Dr. Thomas initially stated that she had not breached the standard of care, then admitted she breached the standard of care, and then later again denied that she had breached the standard of care. Further, Dr. Thomas' testimony regarding whether or not she breached the applicable standard of care is by its very nature a matter of opinion and does not concern "concrete facts." Finally, there is sufficient evidence in the record to support that Dr. Thomas did not breach the applicable standard of care. Thus, neither of the two *Woods* exceptions apply and the trial court erred in concluding that Dr. Thomas' statement constituted a judicial admission.

All contradictions, conflicts, and inconsistencies in the evidence are resolved in the non-movant's favor when the trial court decides whether to grant or deny a party's motion for judgment notwithstanding the verdict. *Bryant v. Nationwide Mut. Fire Ins. Co.*, 313 N.C. 362, 369, 329 S.E.2d 333, 337-38 (1985). As Dr. Thomas' statement is an evidential admission, the trial court erred in holding that a new trial on the issues of causation and damages was necessary because the issue of whether defendant breached the applicable standard of care was not conclusively established at trial.

---

of her complaint and destroyed the theory on which she brought her action; her attorney did not seek to elicit any remedial testimony from her; and she manifested an intent to be bound by repeating her testimony even after being warned of the consequences of perjury.

*Woods*, 297 N.C. at 370, 255 S.E.2d at 179.

Reversed.

Judges McCULLOUGH and CALABRIA concur.