CLEO EDWARD LAND, SR., AND RAYMOND ALAN LAND, ON BEHALF AND DERIVATIVELY
ON BEHALF OF EDDIE LAND MASONRY CONTRACTOR, INC., PLAINTIFFS v. CLEO
EDWARD LAND, JR., NANCY K. LAND, AND EDDIE LAND MASONRY CON-
TRACTOR, INC., DEFENDANTS

No. COA09-464

(Filed 5 January 2010)

**1. Appeal and Error— interlocutory orders—absence of sub-
stantial right—no automatic appeal**

There is no automatic right of appeal under either N.C.G.S.
§§ 1-277 or 7A-27(d) in the absence of a showing of a substantial
right affected by the trial court's denial of defendant's motion for
a new trial. In this case, the denial of defendants' motion for a
new trial was only as to the liability phase of a bifurcated trial.

**2. Appeal and Error— interlocutory orders—substantial
right—second jury on damages**

Defendants' appeal was from an interlocutory order where they
had moved for a bifurcated trial on damages and then argued that
they had a substantial right to have the same jury decide liability,
compensatory damages, and punitive damages. While there will
be some repetition of evidence, the second trial does not involve
the same issues and there is no possibility of an inconsistent verdict.

**3. Trials— motion to bifurcate—statute under which motion
made**

When a motion to bifurcate a trial is made pursuant to
N.C.G.S. § 1D-30, the trial court is obliged to follow the proce-
dures set forth in that statute; however, the court is not so bound
where the motion is made under the more general provision of
N.C.G.S. § 1A-1, Rule 42(b). The trial court here did not abuse its
discretion by releasing the jury at the conclusion of the liability
phase of the trial, given the extensive discovery on damages that
had been suspended at defendant's request until after liability
was determined.

Appeal by defendants from judgment 19 December 2008 by Judge
Ben F. Tennille in the North Carolina Business Court. Heard in the
Court of Appeals 14 October 2009.

LAND v. LAND

[201 N.C. App. 672 (2010)]

*Brooks Pierce McLendon Humphrey & Leonard, LLP, by Reid L. Phillips, Jennifer T. Harrod, and John A. Duberstein, for plaintiff-appellees.*

*Smith Moore Leatherwood LLP, by James G. Exum, Jr., Jon Berkelhammer, Allison O. Van Laningham, and L. Cooper Harrell, for defendant-appellants.*

STEELMAN, Judge.

Where defendants' liability for compensatory and punitive damages has been established by jury verdicts, and the only unresolved issue before the trial court is the amount of damages to be awarded, this appeal is interlocutory, does not affect a substantial right, and must be dismissed.

## I. Factual and Procedural Background

From 1950 until 1982, Cleo Edward Land, Sr. (Cleo) operated a masonry company named C.E. Land, Inc. at which both of his sons, Cleo Edward Land, Jr. (Eddie) and Raymond Alan Land (Alan), were employed for several years. In 1974, Eddie left the family business and formed his own separate masonry company, Eddie Land Masonry Contractor, Inc. In 1982, Cleo decided he would soon retire, but was reluctant to turn the entire business over to his youngest son, Alan, based upon his youth and inexperience. Cleo approached Eddie with the concept of combining the assets of C.E. Land, Inc. and Eddie Land Masonry Contractor, Inc. into a single company in which Eddie and Alan would be equal partners. Eddie allegedly agreed to this arrangement, and Cleo gave his sons control over C.E. Land, Inc.'s equipment, tools, materials, supplies, employees, and contracts. The combined company operated under the name of Eddie Land Masonry Contractor, Inc. Eddie was the President of the company, and Alan was Vice-President. In 2005, Alan made repeated requests to Eddie for information about the company's financial condition and the value of his interest in the business. Alan became concerned when he learned that Eddie and his wife, Nancy K. Land (Nancy), were using assets of the company to purchase real property. Alan made written requests for financial information on 29 July and 20 October 2005. On 3 November 2005, Eddie's attorney sent a letter to Alan stating that Cleo had given the assets of C.E. Land, Inc. to Eddie in 1982, and that Alan had no ownership rights in the company and was merely an employee.

On 18 November 2005, Cleo and Alan (collectively, plaintiffs), filed a complaint against Eddie, Nancy, and Eddie Masonry Contractor, Inc., (collectively, defendants) alleging sixteen causes of action, including *inter alia*, breach of contract, fraud, constructive fraud, breach of oral partnership agreement, conversion, breach of fiduciary duty, aiding and abetting, unfair and deceptive trade practices, unjust enrichment, and punitive damages. On 26 May 2006, defendants filed an answer, which denied the material allegations in plaintiffs' complaint, and asserted counterclaims for the repayment of a company loan and the non-reimbursed expenses and benefits obtained from the company by Alan.

On 7 June 2006, defendants filed a motion requesting that the trial court bifurcate the liability and damages portions of the case. All parties moved for summary judgment. On 16 June 2008, the trial court entered an order denying all of the parties' motions for summary judgment and granting defendants' motion for a bifurcated trial, over plaintiffs' objection. The jury trial commenced on 16 September 2008. The trial court submitted eighteen issues to the jury arising out of plaintiffs' claims and defendants' counterclaims. These issues were answered in favor of plaintiffs, establishing defendants' liability for compensatory and punitive damages, and ruling against defendants on their counterclaims. Upon the return of the verdicts, the trial court discharged the jury without objection from any party and entered an "Interlocutory Judgment on Liability." Defendants filed a motion for judgment notwithstanding the verdict and for a new trial pursuant to Rules 50 and 59 of the Rules of Civil Procedure. These motions were denied. On 30 December 2008, defendants filed a notice of appeal to this Court. On 24 February 2009, the trial court entered an order ruling that because defendants' appeal was interlocutory, the court. retained jurisdiction over the case, and that the parties were to proceed with discovery and the damages phase of the case.

## II.  Interlocutory Nature of Appeal

Appeals from the trial division in civil cases are permitted only by statute. *Veazey v. Durham*, 231 N.C. 357, 362, 57 S.E.2d 377, 381, *reh'g denied*, 232 N.C. 744, 59 S.E.2d 429 (1950). "An interlocutory order is one made during the pendency of an action, which does not dispose of the case, but leaves it for further action by the trial court in order to settle and determine the entire controversy." *Id.* Because the trial court's order did not dispose of the entire case and left the matter of plaintiffs' damages unresolved, it is an interlocutory order. There is

no right of immediate appeal from an interlocutory order except in two instances: "(1) the order is final as to some claims or parties, and the trial court certifies pursuant to N.C.G.S. § 1A-1, Rule 54(b) that there is no just reason to delay the appeal, or (2) the order deprives the appellant of a substantial right that would be lost unless immediately reviewed." *Currin & Currin Constr., Inc. v. Lingerfelt*, 158 N.C. App. 711, 713, 582 S.E.2d 321, 323 (2003); *see also* N.C. Gen. Stat. § 1-277(a) (2007). "The reason for these rules is to prevent fragmentary, premature and unnecessary appeals by permitting the trial divisions to have done with a case fully and finally before it is presented to the appellate division." *Waters v. Personnel, Inc.*, 294 N.C. 200, 207, 240 S.E.2d 338, 343 (1978).

> There is no more effective way to procrastinate the administration of justice than that of bringing cases to an appellate court piecemeal through the medium of successive appeals from intermediate orders. The rules regulating appeals from the Superior Court to the Supreme Court are designed to forestall the useless delay inseparable from unlimited fragmentary appeals, and to enable courts to perform their real function, *i.e.*, to administer "right and justice . . . without sale, denial, or delay."

*Veazey*, 231 N.C. at 363-64, 57 S.E.2d at 382 (quoting N.C. Const., Art. I, Sec. 35).

In the instant case, the trial court did not certify its Interlocutory Judgment on Liability order as immediately appealable pursuant to Rule 54(b). Therefore, the burden is on defendants to establish that a substantial right will be lost if the trial court's order is not immediately reviewed by this Court. *Turner v. Norfolk S. Corp.*, 137 N.C. App. 138, 142, 526 S.E.2d 666, 670 (2000) (citation omitted).

### III. Appealablity of Order Granting or Denying a New Trial

**[1]** Defendants first contend that N.C. Gen. Stat. § 7A-27(d)(4) authorizes an appeal of any interlocutory order granting or refusing a new trial, without any showing that a substantial right was affected. We disagree.

N.C. Gen. Stat. § 1-277 provides:

(a) An appeal may be taken from every judicial order or determination of a judge of a superior or district court, upon or involving a matter of law or legal inference, whether made in or out of session, which affects a substantial right claimed in any action or

proceeding; or which in effect determines the action, and prevents a judgment from which an appeal might be taken; or discontinues the action, or grants or refuses a new trial.

N.C. Gen. Stat. § 1-277(a) (2007).

N.C. Gen. Stat. § 7A-27(d) provides:

(d) From any interlocutory order or judgment of a superior court or district court in a civil action or proceeding which

(1) Affects a substantial right, or

(2) In effect determines the action and prevents a judgment from which appeal might be taken, or

(3) Discontinues the action, or

(4) Grants or refuses a new trial, appeal lies of right directly to the Court of Appeals.

N.C. Gen. Stat. § 7A-27(d) (2007).

. We note that the same four items enumerated in N.C. Gen. Stat. § 7A-27(d) are also contained in N.C. Gen. Stat. § 1-277(a). Therefore, we look for guidance to cases decided under either statute in our analysis.

In *Industries, Inc. v. Insurance. Co.*, 296 N.C. 486, 251 S.E.2d 443 (1979), the trial court entered summary judgment in favor of the plaintiff on the issue of liability, but determined that damages, attorney's fees, and costs were to be decided at a later time. *Id.* at 488, 251 S.E.2d at 445. The trial court then proceeded to certify its ruling for immediate appeal. *Id.* Our Supreme Court held that "a partial summary judgment entered for plaintiff on the issue of liability only leaving for further determination at trial the issue of damages" is not immediately appealable. *Id.* at 492, 251 S.E.2d at 448.

Several months later, this Court applied the holding in *Industries, Inc.* to a case where the trial court granted a new trial only as to the issue of damages in *Insurance Co. v. Dickens*, 41 N.C. App. 184, 254 S.E.2d 197 (1979). The jury in *Insurance Co.* returned a verdict in favor of the plaintiffs. *Id.* at 185, 254 S.E.2d at 198. The trial court accepted the verdict as to liability, but set it aside as to damages. *Id.* This Court held:

The defendants here, as the defendant in *Industries, Inc.*, can preserve the right to have appellate review of all trial court pro-

ceedings by duly entered exceptions on appeal from the final judgment. All reasons advanced by our Supreme Court in *Industries, Inc.* against permitting fragmentary, premature, and unnecessary appeals, apply with equal force in the present case.

*Id.* at 186, 254 S.E.2d at 198.

This Court went on to specifically hold that the language contained in N.C. Gen. Stat. § 1-277(a) pertaining to the immediate appealability of an order granting or denying a new trial, "does not apply to an order which grants only a partial new trial." *Id.* at 187, 254 S.E.2d at 198. In the instant case, the denial of defendants' motion for a new trial was only as to the liability phase of the trial. It therefore falls under the rationale of *Industries, Inc.* and *Insurance Co.* There is no automatic right of appeal under either N.C. Gen. Stat. §§ 1-277 or 7A-27(d) in the absence of a showing of a substantial right from the trial court's denial of defendants' motion for a new trial.

This argument is without merit.

### IV. Appealability of Order Based Upon a Substantial Right

[2] Defendants next contend that "certain issues raised in this appeal impact Defendants' substantial rights" and that their appeal of an interlocutory order should be heard pursuant to N.C. Gen. Stat. §§ 1-277 or 7A-27(d). We disagree.

Defendants assert that they have a substantial right to have the same jury decide liability, compensatory, and punitive damages. In support of their argument, defendants cite *Industries, Inc., supra,* for the proposition that "it is impermissible for one jury to decide liability and then award compensatory damages with a second jury considering liability for the amount of punitive damages." As recited above, *Industries, Inc.* explicitly held that the order of the trial court granting partial summary judgment as to only liability was not immediately appealable. *Industries, Inc.,* 296 N.C. at 492, 251 S.E.2d 448. Further, the specific language from *Industries, Inc.* cited by defendants was from the Supreme Court's discussion of its prior opinion in *Oestreicher v. Stores,* 290 N.C. 118, 225 S.E.2d 797 (1976), and was not part of its holding in that case. *See Industries, Inc.,* 296 N.C. at 493, 251 S.E.2d at 448. In the case of *Green v. Duke Power Co.,* 305 N.C. 603, 290 S.E.2d 593 (1982), the Supreme Court refined its holding in *Oestreicher,* stating "[t]he avoidance of one trial is not ordinarily a substantial right." *Id.* at 608, 290 S.E.2d at 596 (citing *Bailey v. Gooding,* 301 N.C. 205, 210, 270 S.E.2d 431, 434 (1980);

*Industries, Inc.*, 296 N.C. at 492, 251 S.E.2d at 447-48; *Waters*, 294 N.C. at 208, 240 S.E.2d at 344). The Supreme Court went on to state that "[o]rdinarily the possibility of undergoing a second trial affects a substantial right only when the same issues are present in both trials, creating the possibility that a party will be prejudiced by different juries in separate trials rendering inconsistent verdicts on the same factual issue." *Id.*

In the instant case, the trial court, upon the motion of defendants, and over the objection of plaintiffs, bifurcated the liability issues from the damages issues in this case pursuant to Rule 42(b) of the Rules of Civil Procedure. The issues decided at the first trial are thus separate and distinct from those to be decided at the second trial, and there is no possibility of a second jury rendering a verdict inconsistent with the verdict of the first jury. The only issues left to be decided are the amounts of compensatory and punitive damages. While we acknowledge that there will, of necessity, be some repetition of evidence at the second trial to orient the second jury as to the nature of plaintiffs' claims for compensatory and punitive damages, this does not mean that the same issues will be decided at the second trial.

This argument is without merit.

### V.  Interplay of N.C. Gen. Stat. § 1D-30 and Rule 42 of the Rules of Civil Procedure

[3] Finally, defendants contend that the trial court failed to comply with the provisions of N.C. Gen. Stat. § 1D-30, and that this error warrants immediate review by this Court. N.C. Gen. Stat. § 1D-30 (2007) provides:

> Upon the motion of a defendant, the issues of liability for compensatory damages and the amount of compensatory damages, if any, shall be tried separately from the issues of liability for punitive damages and the amount of punitive damages, if any. Evidence relating solely to punitive damages shall not be admissible until the trier of fact has determined that the defendant is liable for compensatory damages and has determined the amount of compensatory damages. The same trier of fact that tried the issues relating to compensatory damages shall try the issues relating to punitive damages.

Under the provisions of Chapter 1D of the General Statutes, the general rule is that the compensatory and punitive damages claims are to

be tried at the same time, before the same jury. However, N.C. Gen. Stat. § 1D-30 sets forth a specific procedure for bifurcating the compensatory damages phase of the trial from the punitive damages phase of the trial. Under that statute, liability for compensatory damages must first be determined before evidence relating solely to punitive damages can be presented to the jury. This provision is only applicable if the defendant(s) make a motion for bifurcation pursuant to this statute. *Ward v. Beaton*, 141 N.C. App. 44, 52, 539 S.E.2d 30, 36 (2000), *cert. denied*, 353 N.C. 398, 547 S.E.2d 431 (2001).

In the instant case, defendants did not make a motion to bifurcate pursuant to N.C. Gen. Stat. § 1D-30. Rather, their motion was styled "Motion to Bifurcate and Limit Discovery" and was specifically made pursuant to Rule 42(b) of the Rules of Civil Procedure. Defendants' motion, in part, stated:

> To continue to engage in the detailed discovery requested by the Plaintiffs at this point is simply not productive relative to the time and expense it will require for both parties. Further, given . . . the defenses which have been raised thereto, it would serve the ends of justice to bifurcate the liability and damage portions of this case and permit the parties to move forward with discovery limited to liability, conduct a trial with respect to liability and if the jury were to determine that there is no liability, then both parties (and non parties) can avoid substantial time and expense.

In its order of 16 June 2008, the trial court bifurcated the liability issues from the damages issues, citing that the damages discovery would be "enormously expensive," and that it was probable that "a special master will have to be appointed to conduct an accounting and, perhaps, liquidate the assets." Thus, the trial court's ruling clearly did not contemplate that the same jury would hear the liability and damages phases of the trial, due to the extensive nature of the damages discovery that would be required.

Defendants essentially argue that the trial court was required to follow the procedures set forth under N.C. Gen. Stat. § 1D-30, even though their motion to bifurcate was not made pursuant to that statute. We hold that when a motion to bifurcate is pursuant to N.C. Gen. Stat. § 1D-30, then the trial court is obliged to follow the procedures set forth in that statute. However, where the motion to bifurcate is made under the more general provision of Rule 42(b) of the Rules of Civil Procedure, the trial court is not so bound. Decisions of

**LAND v. LAND**

[201 N.C. App. 672 (2010)]

the trial court to bifurcate trial proceedings are reviewed by the appellate courts under an abuse of discretion standard. *Kearns v. Horsley*, 144 N.C. App. 200, 208, 552 S.E.2d 1, 7 (2001). We discern no abuse of discretion by the trial judge.

Further, the import of defendants' argument is that they have a substantial right to have the same jury decide liability and the amount of punitive damages. However, this position is directly contrary to the position they took before the trial court in their motion to bifurcate. Their argument before the trial court was that the damages discovery would be so extensive and so expensive that it should not be conducted until liability was established. At their request, the trial court not only bifurcated the trial as to liability and damages, but also suspended discovery as to damages until liability was determined. Given the extensive nature of the damages discovery, yet to be conducted, the trial court did not err in releasing the jury at the conclusion of the liability phase of the trial. This was done without the objection from defendants.

This argument is without merit.

## VI.  Conclusion

We hold that the denial of defendants' motion for a new trial as to the liability phase of the trial is a non-appealable, interlocutory order. Defendants' appeal is dismissed. We further deny defendants' petition for writ of *certiorari* made pursuant to Rule 21 of the Rules of Appellate Procedure. Defendants' assignments of error as to the liability portion of the trial can be reviewed once a final judgment is entered by the trial court in this matter.

DISMISSED.

Judges ELMORE and HUNTER, JR., Robert N. concur.